SCHNUR vs. HICKCOX and others.

MONEY PAID INTO COURT. *(1, 2) Effect of pleading tender and paying money into court: Rights of parties. (3, 4) Power of the court over the money. (5) Duty of clerk to pay to his successor.*

1. Where a tender (though insufficient) is made before suit, and is pleaded and the money paid into court after the action is commenced, this is a conclusive admission that the amount belongs absolutely to the plaintiff, whatever may be the fate of the action.

2. The defendant in an action upon contract pleaded a tender and paid the money into court for the plaintiff's benefit, and the court found for the plaintiff, and that there had been no tender, and ordered judgment in plaintiff's favor, but the controversy was settled by the parties and no judgment entered. There is no evidence that the plaintiff has assigned the money to the defendant, and the terms of the settlement do not appear. *Held*, that upon these facts such defendant has no claim upon the money still in the custody of the court.

3. No person other than the one for whose benefit the money was paid into court, should be allowed to recover it (as by an action on the bond of the officer who holds it), until the court in whose custody it is, shall, upon proper proceedings and proof, so order.

4. The fact that the clerk to whom money in custody of the court was paid, has gone out of office without paying the money to his successor, does not affect the jurisdiction of the court to make such an order.

5. Moneys in custody of the court, and held by the clerk as such, should be paid over by him to his successor in office; and a failure to so pay them is a breach of his bond, for which an action may be maintained ·by the proper party. But this was not such an action.

APPEAL from the County Court of *Milwaukee* County.

Action upon the official bond of the defendant *Hickcox* as clerk of the circuit court for Milwaukee county. The other defendants are the sureties in such bond. *Hickcox* ceased to be such clerk before the action was brought.

It appears from the pleadings and proofs, that when *Hickcox* was clerk of said court, one Mrs. Schnur brought an action on contract against the present plaintiff, who answered thereto a tender to Mrs. Schnur of $150 in satisfaction of the contract, which sum he paid into court. *Hickcox* received the money as clerk of the court. The action was afterwards tried, and the court found for the plaintiff therein, and found also that no tender of the sum due on the contract had been made. Judgment was ordered for such plaintiff, for the sum found due on the contract, but no judgment has been entered. The controversy was settled by the parties, but the terms of the settlement do not appear.

When *Hickcox* went out of office, he retained this $150 in his hands, and still retains it. His failure, after due demand, to pay the money to the plaintiff in this action (who claims that it is his money), is assigned as a breach of the bond in suit.

The court directed the jury to return a verdict for the plaintiff for the penalty of the bond; but afterwards, on motion of the defendant *Hickcox*, who alone defended the action, made an order setting aside the verdict and granting a new trial. From this order the plaintiff appealed.

The cause was submitted on the brief of *Murphey & Good-*

*win* for the appellant, and that of *J. V. V. Platto* for the respondents.

For the appellant it was argued, 1. That when the suit of Mrs. Schnur against him was dismissed and settled, the money deposited by this plaintiff with the clerk in that suit was this plaintiff's property. 2. That no order of the court upon the defendant to pay the money was practicable after he ceased to be an officer of the court. 3. That defendant was guilty of a breach of his bond in refusing to pay the money to plaintiff on demand, as well as in neglecting to pay over to his successor all moneys in his hands as clerk.

To the point that this plaintiff was not entitled to the money here claimed, if paid into court to make good a tender, respondents' counsel cited Graham's Pr., 458, 460; 1 Burr. Pr., 407; 1 Tidd's Pr., 679; 1 Wait's Law and Pr., 679; and numerous cases. 2. To the point that the money could not be paid out except by order of the court, he cited *City Bank v. Bangs*, 4 Paige, 285; *Halbert v. McKey*, 8 id., 651; *Higgins v. Wright*, 43 Barb., 462, 468; *Roosevelt v. Railroad Co.*, 45 id., 554; *Becker v. Boon*, 61 N. Y., 332; *Mott v. Pettit*, 1 N. J. Law (Coxe), 298; *Davis v. Watkins*, 2 Bush, 224; *Hammer v. Kaufman*, 39 Ill., 87, 90.

LYON, J. A tender made before suit, to be available, should be pleaded, and the money tendered paid into court for the benefit of the plaintiff. When this is regularly done, if the plaintiff fails to prove a cause of action for a greater amount than was tendered, judgment goes for the defendant for his costs, but the money paid into court belongs to the plaintiff. It also belongs to him if the defendant fails to prove a valid or sufficient tender; and in such case the plaintiff is entitled to judgment at least for the sum paid into court, and for costs; but execution goes only for the balance of the judgment after deducting such sum.

The principle upon which these rules are founded is, that the tender (even though insufficient) and the payment into court, for the plaintiff, of the money tendered, is a conclusive

admission that the amount so paid in is due the plaintiff; and hence, that the money belongs absolutely to him, whatever may be the fate of the action. *Becker v. Boon*, 61 N. Y., 317; *Logue v. Gillick*, 1 E. D. Smith, 398; *Read v. Ins. Co.*, 3 Sandf. S. C., 54; *Slack v. Brown*, 13 Wend., 390.

Applying these rules to the present case, the result is, that the $150 paid into court belonged absolutely to Mrs. Schnur, for whose benefit it was paid, and still belongs to her, unless she has assigned it to some other person or has done some act equivalent thereto. It does not appear that she has made any transfer of the money. Although that action was settled, we are not informed of the terms of the settlement. It may well be that she retained her right to the money in the settlement, and is still entitled to it. The question whether it remains her money or whether she has parted with her title to it, ought to be settled by the proper court before an action is brought on the bond of the clerk for neglecting or refusing to pay over the money to any person other than the party for whom it was paid into court.

In contemplation of law, the money is held by the court for Mrs. Schnur; and it seems very clear, on principle and authority, that no other person should be allowed to recover it until the court in whose custody it is, shall, upon proper proceedings and proofs, so order.

We think the plaintiff should apply to that court, on notice to all parties interested, for an order requiring its late clerk, *Mr. Hickcox*, to pay over the money to him; and if he shows himself entitled thereto, the court will make such order. Until that is done, we do not think the plaintiff can maintain an action on the official bond of *Mr. Hickcox* for the recovery of the money. We also think that the fact that *Mr. Hickcox* has gone out of office does not affect the jurisdiction of the court in the premises. Because the record fails to show any such proceedings, a judgment of nonsuit could not have been disturbed. Hence the plaintiff is not in a position to attack the order for a new trial, which is, or may be, more favorable to him than a nonsuit.

It may be observed that it was the duty of *Mr. Hickcox*, on retiring from the office of clerk, to pay over this money to his successor. His failure to do so is a breach of one of the conditions of his official bond, for which an action on such bond may be maintained by the proper party. But this is not such an action.

*By the Court.* — The order of the court below granting a new trial is affirmed.

RYAN, C. J., took no part.