444  O. R. & N. Co. *v.* Oregon Real Estate Co.

# Oregon Railway and Navigation Co. *v.* Oregon Real Estate Co.

Evidence—Right of Way.—Evidence of an effort having been made, before the commencement of an action, to agree as to the compensation for a right of way, is a prerequisite to establish a cause of suit.

Tender and Payment into Court.—Payment into court is a positive admission of damages to the amount of the tender, and when so paid it becomes the money of the party to whom the tender is made.

Easement.—In an action for right of way, an easement is all that can be acquired by a railway. A title that may be freed from public use, cannot be acquired by a private corporation by eminent domain. Land can only be taken for the particular use for which it is sought to be appropriated.

Appeal from Multnomah County. The facts are stated in the opinion.

*Dolph, Bronaugh, Dolph & Simon,* for respondent.

*William Strong & Sons,* for appellant.

By the Court, Waldo, J.:

This is an action by the Oregon Railway and Navigation Co. for a right of way over the lands of the appellant, in East Portland. The complaint alleges that the respondent was " unable to agree with the owners of said lands for the right of way over the same, and believing that the sum of fifteen hundred dollars was the full value and just compensation for the lands herein sought to be appropriated for the purpose aforesaid, plaintiff caused the said sum to be tendered to the defendant before the commencement of this action, which sum plaintiff brings into court for defendant, and still is, and ever since has been ready, to pay to defendant for said right of way."

The appellant argues that this allegation is not sufficient to give the court jurisdiction of the action, because the

statute makes it a condition precedent to the commencement of the action, that the parties were unable to agree as to the *compensation* to be paid, and that it does not appear from the complaint that this was the point on which they were unable to agree. It appears, however, from the complaint, argumentatively, in the plea of tender, that they were unable to agree as to the compensation. Argumentative pleading is aided by verdict. (Gould's Pl. Ch., 3, sec. 30.)

But the exceptions show that no evidence of the fact of an effort having been made, before the commencement of the action, to agree as to the compensation, was offered at the trial. This evidence was a prerequisite to establish a cause of suit. (Cooley on Con. Lim., 528, 529.)

The instruction that the jury might find the damages to be any sum not less than two hundred and fifty dollars, and not exceeding eleven thousand dollars, as to the minimum of damages, was error. The payment into court was a positive admission of damages to the amount of the tender. The money paid in became the money of the appellant. (*Schmeer* v. *Hickcox*, 45 Wis., 200, and cases cited.)

After such payment into court and the refusal to accept such sum in full satisfaction, the continuation of the action was for the purpose of ascertaining what greater damages, if any, the appellant had sustained, above the amount admitted by the respondent.

The entry of judgment for the land, absolutely, was error. A title that may be freed from public use, cannot be acquired by a private corporation, by eminent domain. So land can only be taken for the particular use for which it is sought to be appropriated—that is, in this case, for the purpose of a railway, an easement was all that was called for, and all that the respondent could acquire. (*Hegneman*

v. *Blake*, 19 Cal., 539, 579; 1 Redfield on Railways, 246; *West River Bridge* v. *Dix*, 6 How., 538; *Geisy* v. *C. W. and Z. Railroad Co.*, 4 Ohio St., 338.)

Judgment reversed and a new trial ordered. LORD, J., concurring; WATSON, C. J., absent.