## SIMPSON ET AL., *v.* CARSON.

THE DELIVERY of a written contract not under seal may be shown to have been conditional by parol evidence.

A MERE POWER to sell real property and receive all the proceeds above a certain sum as commission, is not a power coupled with an interest.

A TENDER and payment into court only admit the cause of action as to the sum tendered, and do not affect the defense of the party making the same, to the recovery of any greater sum upon the same cause.

APPEAL from Multnomah County.

*John M. Gearin and W. T. Burney,* for appellants.

*Northrup and Gilbert,* for respondent.

By the Court:

This is an action on a special contract to recover commissions on the sale of real property. The contract is in writing, signed by the owner of the property, and recites as the consideration, "valuable services performed and to be performed." It bears date November 8, 1882, and gives the appellants "the exclusive sale" of the property for 185 days, and afterward until five days' notice by the respondent of her intention to terminate the agreement. It also binds her to make conveyance in case of sale by the appellants, and

to pay them all over $15,500 net, realized upon the sale of the property. The appellants allege performance on their part and the refusal of the respondent to execute a conveyance and accept the stipulated price, $20,000, or to pay them $4,500 due them as commissions under their contract with her. The defense is:

1.   A denial of the contract.

2.   Fraud on the part of appellants in obtaining it.

3.   A parol agreement at the time of delivery of the written contract, that it should not become operative without the assent of J. C. Carson, the respondent's husband, which was not obtained.

4.   A recission of the contract by the respondent before the sale by the appellants, and a tender and payment into court of $40, as the reasonable value of the appellants' services prior to such rescission.

These matters were all put in issue and submitted to a jury, who found a verdict of $40 for the appellants. Judgment was entered accordingly in their favor on respondent's motion. The errors assigned on the appeal arise wholly upon instructions given or refused at the trial.

1.   The court below charged the jury in effect that the parol agreement alleged in the defense, if established by the evidence, would bar any recovery beyond the $40 tendered and paid into court, unless the assent of the respondent's husband had been obtained. The written contract sued on is not under seal, and even at common law the authorities cited by appellants' counsel would not apply. *Worral* v. *Munn*, 1 Seld., 229; *Braman* v. *Bingham*, 26 N. Y., 483; *Ward* v. *Lewis*, 4 Pick., 518; *Foley* v. *Cowgill*, 5 Black, 18; and in fact all the authorities relied upon by them, are cases where it was sought to qualify the delivery of sealed instruments to grantees by parol evidence. And the evi-

dence was rejected under a technical rule, which has no application to simple written contracts. (*Pym* v. *Campbell*, 88 E. C. L., 370; *Wallis* v. *Littell*, 103 *Id.*, 368; 2 Wharton's Ev., sec. 927, and note 10; *Butler* v. *Smith and Tharp*, 35 Miss., 457; *Barker* v. *Prentiss*, 6 Mass., 430; *Hildreth* v. *O'Brien*, 10 Allen, 104.)

The rule upon which the first mentioned class of decisions rest is that a deed, if intended as an escrow, must be delivered to a stranger, and not to the grantee himself. If delivered to the latter, the act is conclusive of the intention of the parties that it shall be operative.

2. The court instructed the jury that unless the contract sued on was based upon actual indebtedness, given for a valuable consideration, or was a power coupled with an interest, the respondent could rescind it at any time before a sale by appellants, by notice to them.

There is surely nothing in this that appellants can complain of. If there was no consideration for respondent's engagement, as the first part of the instruction assumes, it must be conceded she could rescind at any time before becoming bound through a sale by the appellants. And whether there was a consideration was a question of fact, properly left to the jury. Probably the court should have charged the jury that the written instrument sued on did not create "a power coupled with an interest," as the term is understood in this country. (*Hunt* v. *Rousmumers Adm'r*, 8 Wheat., 174; *Hartly* v. *Minor's Appeal*, 53 Pa. St., 212.) But the error, in submitting the question as to whether it did or not, to the jury, as seems to have been done by the latter portion of the instruction, manifestly could not have prejudiced the appellants.

3. The court refused to instruct that the plea of tender "admitted every fact" necessary for the appellants to estab-

lish to entitle themselves to a verdict. This was proper. The court had directed the jury to find a verdict for the appellants for the amount tendered and paid into court, in any event. This they did. But the appellants sought by this instruction to preclude the respondent from disputing the facts to prevent a further recovery. This advantage they were not entitled to. The tenders and payment into court only admitted the course of action as to the sum tendered. It did not conclude the respondent as to any defense she might have against a further recovery. This we deem the better rule. (*Spalding* v. *Vanderkook*, 2 Wend., 431; *Davis* v. *Mellanden*, 17 La. Ann., 47; *Eaton* v. *Wells*, 12 N. Y., 576.

Judgment affirmed.