MULHOLLAND, Respondent, vs. ESTATE OF GERRY, Appellant.

*February 27 — March 22, 1892.*

*Clerk of circuit court: Failure to pay over moneys to successor: Action on bond.*

For a breach of the official bond of a clerk of the circuit court in failing to pay over to his successor moneys which had been paid into court and received by him as such clerk, his successor may maintain an action on the bond.

APPEAL from the Circuit Court for *Outagamie* County. This is an appeal from an order overruling a demurrer to the complaint or claim of the plaintiff filed against the estate of George W. Gerry. The complaint is made by the plaintiff in his official capacity as clerk of the circuit court of Outagamie county, and alleges that one Friedrichs entered on his duties as clerk of said court on the first Monday of January, 1889, having been theretofore elected to that office and having duly qualified as required by law; that said Friedrichs as principal, and said Gerry and one A. L. Smith as sureties, jointly and severally executed an official bond to Outagamie county in the penal sum of $5,000, which bond is set forth at length in the complaint, and is conditioned as required by sec. 740, R. S. 1878. The complaint further alleges that said Friedrichs, as clerk, received from his predecessor in office $4,499.89, which had been paid into court in various condemnation proceedings and in satisfaction of various judgments, all of which he spent or lost; and that he resigned his office and absconded from the state early in July, 1889, and failed to pay over said moneys, or any part thereof, to either of his successors in office. That said George W. Gerry was duly appointed to fill the vacancy caused by the resignation of Friedrichs, and that he qualified and acted as clerk until June 1, 1890,

when he died and was succeeded in office by said A. L. Smith, who held the same until the first Monday of January, 1891, at which time plaintiff succeeded to the office.

The executors of the last will and testament of the estate of Gerry demurred to this claim, because it appears on the face thereof: "*First*, That the court has no jurisdiction of the subject of the action. *Second*, That the complaint does not state facts sufficient to constitute a cause of action. *Third*, That the plaintiff [claimant] has not legal capacity to sue, because that (1) the plaintiff is not authorized by any law of this state to prosecute or cause to be prosecuted said action; and (2) the plaintiff has not been injured by the act, neglect or default of any officer, or of the principal named in the bond mentioned and set forth in the complaint. *Fourth*, That there is a defect of parties defendant, because the officer executing said bond and all his sureties are not joined therein. *Fifth*, That there is a defect of parties plaintiff, because the action is not brought by and in the name of the obligee named in said bond, nor by the owners of the several funds mentioned and set forth in the second and fourth paragraphs of said complaint."

The cause was submitted for the appellant on the brief of *Frank W. Harriman* and *Henry D. Ryan*, and for the respondent on that of *Winkler, Flanders, Smith, Bottum & Vilas*.

For the appellant it was contended that the plaintiff cannot maintain the action under sec. 985, R. S., because he has suffered no injury. Murfree, Official Bonds, sec. 494.

WINSLOW, J. It was the duty of Friedrichs to pay over to his successor in office the moneys which the complaint shows he received. Failure to do so was a breach of his official bond. *Schnur v. Hickcox*, 45 Wis. 200. If it was the duty of Friedrichs to pay the moneys to the plaintiff,

State ex rel. Burbank and others vs. The City of Superior.

it was because plaintiff had a right to demand and receive the same. If plaintiff had a right to demand and receive them, it was because he had a paramount possessory right in them; not an absolute beneficial title, but a title in trust to keep them until their disposition was otherwise legally provided for. He is really the trustee of an express trust. Such being the case, it is plain that in his trust capacity he has been injured by the neglect of Friedrichs to pay over the trust moneys held by him as clerk, and is authorized by sec. 985, R. S.,[1] to maintain an action upon the bond in suit. When a person is deprived of a legal right he is necessarily injured. The order overruling the demurrer was right.

*By the Court.*— Order affirmed.

[1] Sec. 985, R. S., provides that " any person injured by the act, neglect, or default of any officer, except the state officers, his deputies or other persons, which constitutes a breach of the condition of the official bond of such officer, may maintain an action in his own name against such officer and his sureties upon such bond," etc.— REP.