Argued 7 January, decided 28 January, rehearing denied 17 March, 1908.

### DECHENBACH *v.* RIMA.

93 Pac. 464.

TENDER—PAYMENT INTO COURT—CONDITIONAL TENDER—WITHDRAWAL.

1. Where, in forcible entry and detainer, defendant answered that he had tendered plaintiff $115 on July 1, 1903, and a like amount on August 1 of the same year, as rent for those months pursuant to an alleged oral contract for a lease, and that he brought said sum into court and deposited it with the clerk for plaintiff, he could not thereafter claim that the tender was conditional only as a part payment on the oral contract, and having paid the money into court, could not withdraw it without plaintiff's consent.

SAME—RIGHT TO UNCONDITIONAL TENDER.

2. Where defendant paid money into court for rent already earned under an alleged parol contract for a lease, the tender being unconditional, plaintiff was entitled to the money whether defendant was successful in enforcing the alleged parol contract for a lease or not.

From Multnomah: ARTHUR L. FRAZER, Judge.

Statement by MR. JUSTICE EAKIN.

This is an appeal from an order of the circuit court directing the clerk of that court to pay to the plaintiff $230, tendered by the defendant, and deposited in court with his answer in the case. The proceeding was a forcible entry and detainer action, commenced in the justice's court to oust defendant from certain property occupied by him as a saloon, possession of which he claimed under a parol agreement for a three years' lease. By his answer defendant alleged that he had tendered to plaintiff $115 on July 1, 1903, and a like amount again on August 1st of that year, as rent for those months, pursuant to such alleged lease, and that he "now brings the same, viz., $230, in like coin, into court, and deposits it with the clerk for the plaintiff, and with the above entitled court for the plaintiff." The cause was taken by appeal to the circuit court, and from that court to the supreme court, where plaintiff recovered final judgment for the property against the defendant: *Dechenbach* v. *Rima*, 45 Or. 500 (77 Pac. 391, 78 Pac. 666). After the mandate from the supreme court was entered in the circuit court, that court, upon the motion of plaintiff, made an order requiring the clerk to pay such deposit, viz., $230, to the plaintiff, from which order defendant appeals. For the issues in the action, see the opinion

on the former appeal. The lease under which defendant's predecessor (Lake) occupied the premises expired July 1, 1903, and prior thereto on June 25th plaintiff served notice on Lake and the defendant to quit, and the complaint in this action was filed August 11, 1903.                                    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. George J. Perkins.*

For respondent there was a brief and an oral argument by *Mr. Wirt Minor.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. Defendant's answer, in which he tenders the money into court, was filed August 29, 1903, and his contention is that the tender was only a conditional tender as part payment upon the parol contract; but it is not so alleged. Plaintiff's right of recovery under the forcible entry and detainer action depends upon the conditions as they existed when the complaint was filed, and it was based upon the expiration of Lake's lease and the notice to quit, served June 25th, and had no reference to nonpayment of rent by either Lake or defendant. If the circumstances under which the parol lease was made constituted an estoppel, it was such without reference to the tender of the rent money, because the court in a forcible entry and detainer action can only determine plaintiff's right to immediate possession, and cannot decree specific performance or adjudicate defendant's rights otherwise than as affecting the plaintiff's right of possession at the time of the filing of his complaint. But at the time defendant filed his answer he had had the possession of the premises two months, lacking two days, and in effect admits that he owes for these two months, and by the answer deposits the money for the plaintiff. This had the effect of placing the money in the custody of the law, and defendant cannot withdraw it without the consent of plaintiff. It does not stand in the position of a tender of purchase money made contingent upon acquiring title in a suit for the specific performance of the sale of real estate.

2. This is money apparently already earned, and tendered unconditionally, and plaintiff's right to it does not depend upon whether defendant is successful in enforcing the parol contract. Where an unconditional tender of money is made by a party, and the same deposited in court, the money is the property of the party for whom it is so tendered: *West Portland Park Ass'n* v. *Kelly,* 29 Or. 412 (45 Pac. 901); *O. R. & N. Co.* v. *Oregon R. E. Co.* 10 Or. 444.

Therefore there is no error in the order of the court, and the same is affirmed.    AFFIRMED.

---

Decided 28 January, 1908.