### LONGMIRE et al. v. WEBBER.

No. 15518—Opinion Filed Jan. 27, 1925.

Rehearing Denied March 17, 1925.

**1. Brokers—Right to Terminate Agency.**

A contract of agency whereby L. agrees to pay W. a commission for procuring a purchaser for real property, is revocable at the will of L. where such contract does not constitute "a power coupled with an interest." McKellop v. Dewitz, 42 Okla. 220, 140 Pac. 1161.

**2. Same—Sales After Revocation of Agency—Commission not Recoverable.**

L. entered into a written contract with W. whereby W. was constituted the agent of L. for the purpose of procuring a purchaser for certain real estate. After the execution of the contract L. revoked the agency, and instructed W. not to attempt to sell the land. After the revocation by L., W. entered into a written contract with S. whereby S. agreed to purchase the land.

W. admitted the revocation of agency prior to W.'s entering into the contract with S. Held, W. cannot recover commissions where he procured a purchaser for the land after notice of the revocation of agency, the contract of agency not constituting a power coupled with an interest.

### 3. Same—Demurrer to Evidence.

Where a contract to procure a purchaser for land does not constitute a power coupled with an interest, and plaintiff's evidence discloses that the contract with the prospective purchaser was entered into between the agent and the prospective purchaser after the revocation of the agency by the principal, a demurrer to the plaintiff's evidence, timely interposed, should be sustained.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from County Court, Payne County; L. N. Kimbrey, Judge.

Action by C. D. Webber against William Longmire and another. Judgment for plaintiff, and defendants appeal. Reversed, with directions.

Thurman S. Hurst and Garland F. Hurst, for plaintiffs in error.

Rowe & Calvert, for defendant in error.

Opinion by RUTH, C. Action by defendant in error against the plaintiffs in error to recover judgment in the sum of $225. as commissions for procuring a purchaser for real estate. For convenience the parties will be designated as plaintiff and defendants as they appeared in the trial court.

It appears from the record the plaintiff and defendants entered first into an oral agreement whereby plaintiff was to procure a purchaser for defendants' land, and receive a commission for such procurement.

Plaintiff told defendants he had two parties who might be interested in the land, and about two months after the oral listing plaintiff and defendants reduced the listing agreement to writing, in the following words and figures (omitting description of buildings and improvements):

"Date 2-12-1923.

"I hereby authorize C. D. Webber of Pawnee, to sell or find a buyer for the following described farm, in state of Oklahoma, county of Pawnee.

"No of acres 400, surface—rolling, soil sandy. Price $8,000 (Unless I shall agree to less).

"This contract holds for sixty days, township 32, range 6, Pawnee county. Reserve all the oil leases and rentals for two years, and ½ of royalty permanently."

### Agreement.

"The undersigned owner of the property hereby guarantees the accuracy of the information on the reverse side of this leaf, (which is part of this agreement) and will furnish purchaser with complete abstract of title. It is further agreed by and between the undersigned that they will pay a commission of 5% on first $1,000 and 2½% on bal."

"Signed
"William Longmire.
"T. O. Longmire."

About one week after the execution of the foregoing agreement plaintiff informed defendant, he had "a man ready to buy it and would give him $500 more money, if he would drop the bonus and royalty proposition."

The plaintiff's evidence discloses that defendants declined this counter proposition, and told the plaintiff to withdraw the land from the market, as defendants thought they were going to get a "well" out there and not to make a sale, and to this plaintiff replied:

"Now listen, Tom, just the reason. I got you to sign this contract, so I would have time to complete my deal."

About one month after defendants instructed plaintiff to withdraw the land from the market, and not make a sale, plaintiff entered into a written contract with one George H. Smith for the sale of this land to Smith.

The cause was tried to a jury and a verdict returned for plaintiff, upon which judgment was rendered, and defendant appeals and brings this cause on regularly for review.

Defendant assigns numerous specifications of error, but for the purposes of this opinion, this cause may be determined upon one, to wit:

"The court erred in overruling the demurrer of defendants to the plaintiff's evidence.

"Defendants revoked the agency of the plaintiff before plaintiff found a purchaser."

Plaintiff testifies that defendants ordered him to withdraw the land from the market, and not attempt to effect a sale, as defendants were expecting to "bring in a well" on the land, and this withdrawal of the property and revocation of the plaintiff's agency was made long prior to the contract of sale entered into between plaintiff and the prospective purchaser, Smith. There was no clause in the listing contract in any manner

restricting the defendants or curtailing their right to withdraw the property from the market and revoke plaintiff's agency, and as the agency was not a power coupled with an interest, the decisions are too uniform respecting the rights of the principal to revoke the agency to admit of any extended discussion.

"A contract of agency is revocable at the will of the principal, unless the contract constitutes a power coupled with an interest." McKellop v. DeWitz, 42 Okla. 220, 140 Pac. 1161; Am. Inv. Co. v. Alexander, 46 Okla. 284, 148 Pac. 99.

In 9 C. J. 563, the general rule is laid down as follows:

"A broker employed to buy, sell, exchange or lease property, or to procure a loan is not ordinarily entitled to compensation for finding or trying to find a customer after the principal has withdrawn his offer. since the principal has a right to revoke the agency at any time before the broker finds a customer able, ready, and willing to consummate the transaction on the principal's terms, unless the authorization is given for a valuable consideration or coupled with an interest."

See, also, 4 R. C. L. sec. 8, pp. 252, 253.

In Blaisdell v. Steinfeld (Ariz.) 137 Pac. 555, at p. 566, it is held:

"Nothing is better settled in the law than that an authority to sell land, when not coupled with an interest, may be revoked at the will of the principal"—Citing, Kolb v. Bennett Land Co., 74 Miss. 567; Jayne v. Drake (Miss.) 41 Souht. 372· Sim·n v. Carson, 11 Ore. 361, 8 Pac. 325; John L. Rowan and Co. v. Hull, 55 W. Va. 355 47 S. E. 92, 104 Am. St. Rep. 998, 2 Ann. Cas. 884.

The court further held:

"Any unilateral contract of agency, whether to sell personalty or realty, may be revoked at the will of the principal."

In Knudson v. Laurent (Iowa) 140 N. W. 392, it was held:

"As a rule, unless the agent's authority be coupled with an interest—which must be something more than a commission to be earned—it may be revoked at any time by the principal, and, even if the agent be given a particular time within which to perform, the agency may be revoked before the broker has performed his contract by finding the purchaser, although, under some circumstances the principal may be liable for damages.

"In such cases, however, the action must be for damages for breach of contract, rather than upon the contract for commission agreed to be paid."

From the evidence in this case, there is no question of the plaintiff's agency to secure a purchaser on defendants' terms, such agency to continue for a period of 60 days, subject to the general rule of revocation herein announced. the plaintiff admits the revocation by defendants prior to the execution of the contract with Smith, and if there was a breach of the contract by defendants, whereby plaintiff suffered damages, the remedy would be by appropriate action for damages, and not for the commission agreed upon.

Plaintiff's evidence wholly failed to sustain a cause of action for commissions, and the court erred in overruling the defendants' demurrer to such evidence. and for the reasons herein stated the judgment of the trial court should be reversed, and the cause remanded to the court below with instructions to the trial court to vacate the judgment by it rendered, and to sustain the defendants' demurrer to the plaintiff's evidence.

By the Court: It is so ordered.

Note.—See under (1, 2) 9 C. J. p. 563; (3) 9 C. J. p. 657.