Submitted on briefs December 8, reversed December 20, 1927, rehearing denied January 17, petition to reconsider denied January 31, 1928.

## E. J. STRUNTZ PLANING MILL CO. *v.* LOWELL C. PAGET ET AL.

(262 Pac. 263; 263 Pac. 389.)

**Appeal and Error—Order Substituting Purchaser of Property as Defendant, After Commencement of Suit to Foreclose Mechanic's Lien, Held not Reversible Error.**

1. Where, after institution of suit to foreclose a mechanic's lien, property was purchased by another, order substituting purchaser as defendant *held* not reversible error, though it was neither necessary

———

1. Necessary or proper parties in proceedings to foreclose mechanics' liens, see note in **Ann. Cas.** 1918B, 3, 28, 31, 34, 41. See, also, 18 R. C. L. 982.

nor proper to so substitute him, in that he was entitled to have suit conducted to termination in name of his grantor.

**Judgment—Trial Court has Large Discretion in Opening Default and Permitting Defendant to Answer.**

2. Opening a default and permitting a defendant to answer is largely discretionary with trial court.

**Parties—Permitting Purchaser of Property, After Commencement of Suit to Foreclose Mechanic's Lien, to Appear and Defend, Held not Error.**

3. Where separate answer of purchaser of property after commencement of proceeding to foreclose mechanic's lien stated a good defense permitting him to appear and defend therein did not constitute error.

**Mechanics' Liens—Notice of Mechanic's Lien, not Given to the Then Owner by Materialman or Someone in His Behalf, Held Insufficient (Or. L., § 10191).**

4. Notice by materialman of mechanic's lien which was not sent to the then owner by materialmen, or someone in its behalf, *held* insufficient, under Section 10191, Or. L.

**Mechanics' Liens—Notice to Owner of Delivery of Materials, not Describing Platted Lot in Accord With Recorded Plat, Held Insufficient.**

5. Notice of commencement of delivery of materials to owner, given three days after filing of plat, is insufficient, where description in notice is at variance with recorded plat.

**Deposits in Court—Court Improperly Permitted Defendant to Withdraw Sum Tendered into Court.**

6. Where defendant, appearing in foreclosure of mechanic's lien, tendered into court sum admitted to be due, court improperly permitted him to thereafter withdraw such sum.

## ON PETITION FOR REHEARING.

**Mechanics' Liens—Mechanic's Lien Plaintiff, Refusing to Accept Sum Tendered into Court by One Purchasing Realty After Foreclosure Proceeding Began, Does So at His Peril.**

7. A mechanic's lien plaintiff who refuses to accept a sum tendered into court by one who purchased the real estate involved in foreclosure proceeding after the proceeding began and was substituted as a party defendant does so at his peril.

2. See 15 R. C. L. 720.

6. Right to withdraw money paid into court after tender, see note in 5 L. R. A. (N. S.) 561. See, also, 26 R. C. L. 656–658.

7. Mechanic's lien as discharged by tender of amount due, see note in Ann. Cas. 1912B, 932. See, also, 18 R. C. L. 963.

Mechanics' Liens—Purchaser of Realty Involved in Mechanic's Lien
    Proceeding has Right to Pay Debt and Demand Cancellation.

8.   One who purchases real estate involved in a mechanic's lien
proceeding after foreclosure proceeding has begun has a right to
pay the debt and demand cancellation of the lien.

Pleading—A Litigant is Bound by His Pleading.
    9.   A litigant is bound by his pleading.

Estoppel—Mechanic's Lien Defendant Alleging Tender cannot There-
    after be Heard to Deny Such Tender.

10.   A mechanic's lien defendant, who alleged in his pleading
that he had made tender of the amount which he claimed was
due plaintiff, could not thereafter be heard to deny the fact of
such tender.

Tender—Where Purchaser of Realty Involved in Mechanic's Lien
    Action was Substituted as Defendant and Tendered into Court
    the Sum Admitted Due, Refusing Him Permission to Withdraw
    Money Tendered Held Proper.

11.   Where a purchaser of real estate involved in a mechanic's
lien proceeding had himself substituted as defendant and tendered
into court the sum which he admitted was due, court's refusing to
permit him to withdraw such sum and requiring him to make
payment of such amount *held* proper, since he was not a stranger
to the contract and was bound by his tender.

Appeal and Error, 4 **C. J.**, p. 926, n. 22, p. 1192, n. 58.
Costs, 15 **C. J.**, p. 78, n. 17, 19, p. 243, n. 48.
Judgments, 34 **C. J.**, p. 427, n. 64, p. 429, n. 79.
Mechanics' Liens, 40 **C. J.**, p. 162, n. 6; p. 164, n. 37, **p.** 167,
n. 88, p. 172, n. 90, 96, 97, p. 338, n. 21, p. 451, n. 99, p. 453,
n. 25, p. 473, n. 8, p. 510, n. 16, p. 511, n. 33 New.
Pleading, 31 Cyc., p. 87, n. 64, p. 484, n. 41.
Tender, 38 Cyc., p. 155, n. 80, p. 159, n. 17, p. 176, n. 87, p. 180,
n. 26.

From Multnomah: ARLIE G. WALKER, Judge.

In Banc.

This is a suit instituted to foreclose a mechanic's
lien.  The complaint was filed December 30, 1926,
summons was served thereafter, and on March 9,
1927, a default order was entered against all the
defendants, excepting defendant Wm. Lessing.  March
17, 1927, an order of default was duly entered against
the defendant Wm. Lessing.  On April 18, 1927, de-
fendant Lowell C. Paget filed a motion accompanied

by an affidavit asking that he be substituted for defendant Leona Lessing because he had purchased from her the real property involved in the suit after the commencement thereof. After counter-affidavits made by an officer of plaintiff and its attorney were filed, argument was heard, the motion of defendant Paget was allowed and he was substituted for defendant Leona Lessing. The case was tried, a decree rendered and entered denying plaintiff relief, dismissing its complaint and awarding defendant Paget judgment for his costs and disbursements. With the filing of the answer defendant Paget tendered into court the sum of $580 and disbursements accrued to date. The tender being in the following language:

" * * this defendant comes now into Court and tenders to plaintiff the sum of five hundred ninety-two dollars ($592) with accrued costs to date in full settlement of said demand."

Plaintiff's demand was for the sum of $845.53 with interest from the second day of September, 1926, $1.45 for recording its notice of lien and $200 attorney's fees. Plaintiff appeals assigning nine errors which may be succinctly stated as follows: (a) the ruling of the court permitting Paget to be substituted for defendant Leona Lessing after the order of default had been entered; also opening the default on the showing made by defendant Paget; (b) the order overruling plaintiff's demurrer to separate answer of defendant Paget; (c) order overruling plaintiff's objections to defendant Paget appearing or defending in the case; (d) in failing to hold that the answer of the defendant Paget was inconsistent in the admissions and denials with the affirmative answer and in permitting defendant Paget to withdraw the sum of $592 tendered to it.                    REVERSED.

For appellant there was a brief over the name of *Mr. G. E. Hamaker.*

For respondent Lowell C. Paget there was a brief over the names of *Mr. W. O. Sims* and *Mr. Emerson U. Sims.*

COSHOW, J.—1. Plaintiff was not prejudiced by the order of the court permitting defendant Paget to be substituted for Leona Lessing. Paget, having succeeded to the title to the property after the suit was instituted, was entitled to have the suit conducted to termination in the name of his grantor, defendant Leona Lessing. It was neither necessary nor proper for him to have been substituted: *Smith et al. v. Cram,* 113 Or. 313, 320 (230 Pac. 812); *Fildew* v. *Milner,* 57 Or. 16, 21 (109 Pac. 1092). Paget gained no advantage by being substituted. Plaintiff was not put to any disadvantage. The order of substitution was not reversible error.

2. Opening a default and permitting a defendant to answer is largely discretionary with the trial court. The court in this instance must have been satisfied that plaintiff and the defendant Paget had been negotiating a settlement when the default was entered, and for that reason granted the motion to set aside the default and permit defendant Paget to answer. The fact that he was substituted for defendant Leona Lessing is immaterial in our judgment. Plaintiff was in no way prejudiced because defendant Paget had no advantage over defendant Leona Lessing. The former accepted the title from the latter subject to the lien of plaintiff, if it had a lien. The court did not abuse his discretion in setting aside the default and permitting Paget to answer.

3. The separate answer of defendant Paget states a good defense. Paget would have been entitled to have appeared and made his defense, although he had not been substituted for Leona Lessing. It was not error on the part of the court to overrule plaintiff's objection to defendant Paget appearing and defending.

4, 5. It is not necessary to discuss all of the issues discussed in the briefs presented by counsel for the parties. We believe that plaintiff failed to give the notice required to be given by materialmen under Section 10191, Or. L., to the owner of the property. The notice given by plaintiff is as follows:

"C. B. & E. C. Sewell,
    "362–E. 30th St. No.
    "This is to advise you that the undersigned has commenced to deliver materials and supplies upon the order of Wm. Lessing for use on, and to be used in the construction, alteration and repair of the structure now occupying or being erected upon certain premises in Multnomah County, State of Oregon; particularly described as follows: Lot 40 Sec. 1 Tis-Rie Block —— Add —— of which the undersigned is informed you are the owner or reputed owner, and that a lien may be claimed for all material and supplies furnished by the undersigned for use thereon. Mailed in person at Portland, Oregon, on this 23rd day of Sept., 1926, by L. Myers.
                    "Very truly yours,
                        "Hawthorne Bracket Co.
                            "By L. Myers.
    "This notice is mailed or delivered to you in compliance with the Oregon Law."

The above notice is stamped "Plaintiff's Exhibit 'B,' Case No. M.–581." This notice is positively identified by Ernest J. Struntz, who testified in behalf of plaintiff that he was secretary and manager of

plaintiff, was such officer during the time the material was sold to defendant, had been ever since and that he had personal knowledge that the paper marked Plaintiff's Exhibit "B" was a duplicate copy of what he sent the owner. It will be observed that this notice was not signed by the plaintiff and is addressed to C. B. and E. C. Sewell. The complaint specifically and positively alleges that during all the time that said material was being furnished to defendants, Leona Lessing was the owner or reputed owner of the property therein described. The description of the property in the notice is not the same description contained in the complaint and in the notice of lien. The said witness testified that it was the identical land as that described in the lien notice and complaint, and the reason for the difference in the descriptions was that at the time the notice was sent the tract had not been platted. A copy of the plat, however, appears in the evidence as Plaintiff's Exhibit "C." To this copy is attached the dedication and proof of the various officers whose duty it is to approve town plats from which it appears that the survey was made in September, 1926, the plat approved September 14, 1926, by the county assessor, on September 18, 1926, by the city engineer, September 20, 1926, by the board of county commissioners and recorded September 20, 1926, by the county clerk. Notice relied upon by plaintiff and introduced as its evidence as compliance with said Section 10191 is dated September 23, 1926. That notice was, therefore, given three days after the town plat was filed, approved and recorded. The notice does not comply with the statute in this that it was not sent by the plaintiff or anyone in behalf of plaintiff, nor is the property sufficiently described. The notice was es-

sential to the validity of plaintiff's lien. Having failed to prove that notice was given to the then owner, alleged in the complaint to have been Leona Lessing, and having failed to prove that any notice was given by the plaintiff or by anyone in its behalf, plaintiff has failed to make a case regardless of the description in the notice. There is no inconsistency between the admissions and denials on the one hand in the answer and the affirmative matter on the other therein.

6. The court improperly permitted the defendant Paget to withdraw the sum tendered into court by him.

"When in any action or suit for the recovery of money or damages only, the defendant shall allege in his answer that before the commencement thereof he tendered to the plaintiff a certain amount of money *in full payment* or satisfaction of the cause of action or suit, and now brings the same into court and deposits it with the clerk for the plaintiff, if such allegation of tender be found true, and the plaintiff do not recover a greater sum than the amount so tendered, he shall not recover costs off the defendant, but the defendant shall recover them off him." Or. L., § 574.

Defendant having tendered the sum of $592, the sum admitted to be due and accruing costs, judgment should have been entered against him for that amount: *Simpson* v. *Carson,* 11 Or. 361, 363, 364 (8 Pac. 325); *Oregon Ry. & Nav. Co.* v. *Oregon Real Estate Co.,* 10 Or. 444; 26 R. C. L. 650, § 32.

The decree is reversed, and one will be entered here denying a lien to plaintiff, but allowing judgment against defendant Paget for the amount of the tender with disbursements to date of tender. Defendant Paget will recover costs and disbursements from plaintiff accruing subsequent to the tender. Appellant will recover costs in this court.    Reversed.

Rehearing denied January 17, 1928.

ON PETITION FOR REHEARING.

(263 Pac. 389.)

For appellant, *Mr. G. E. Hamaker.*

For respondent Lowell C. Paget, *Mr. W. O. Sims* and *Mr. Emerson U. Sims.*

COSHOW, J.—7. The defendant Paget has presented an earnest petition for rehearing upon this court's holding that the Circuit Court erred in permitting him to withdraw $592 tendered by him to the plaintiff. He argues that Paget was a stranger to the contract and therefore could not make a lawful tender. In our opinion Paget was not a stranger to the contract. It is true he was not a party thereto, but he had purchased the land and claimed to be the owner thereof. Based upon that claim he was permitted to intervene and make a defense to the suit instituted to foreclose the mechanic's lien. Under all of the authorities cited by said Paget he was therefore not a stranger and was entitled to tender the amount he deemed due plaintiff. Plaintiff refused to accept that tender at its peril.

"A mere stranger has no right to tender money to discharge an encumbrance on the property, or redeem it. But one who has an interest in the property mortgaged is not a stranger." 2 Jones on Mortgages (7 ed.), 458, § 895; 26 R. C. L. 631, § 11.

In *Gibson* v. *Lyon,* 115 U. S. 439 (29 L. Ed. 440, 442, 6 Sup. Ct. Rep. 29), first column, we find this language:

"It will be observed that the tender referred to in this offer was not made by the party obliged to pay the debt or entitled to do so, for the purpose of removing the encumbrance of the mortgage upon the property, nor in payment of the mortgage debt, and in satisfaction of the mortgage and the judgment rendered thereon, but was an offer made by a stranger to pay the amount due on account thereof, accompanied with a demand to execute an assignment to a named third party of the debt and securities, compliance with which was a condition of the offer of payment. If accepted, the effect would have been to transfer the debt and mortgage and judgment rendered thereon to an assignee, and not to extinguish it." *Forderer* v. *Schmidt*, 154 Fed. 475 (12 Ann. Cas. 80).

8. All of these authorities were cited by defendant Paget in support of his petition for rehearing and none of them supports his position. Defendant Paget alleged that he made tender and then brought the amount into court. There was an apparent mechanic's lien encumbering the property he had purchased from defendant Lessing after this suit was instituted. He had a right, as the successor in interest of his co-defendant, to pay the debt and demand a cancellation of the lien.

9, 10. Defendant Paget also contends that inasmuch as he alleged in his answer that he made the tender, kept it good by bringing it into court, and that allegation was denied by plaintiff, proof was required to authorize the court to find that a tender was made. It is elementary that a litigant is bound by his pleading. As quoted in the original opinion in this case, Paget alleged that he had made a tender and he kept that tender good by then bringing the amount into

court.  Defendant cannot now be heard to say that he did not make a tender.

11. The court is not rendering a personal judgment against Paget because of the contract between plaintiff and a defendant other than Paget.  A judgment against him is ordered because he tendered the amount of the judgment.  The court is not taking Paget's money from him for the debt of another or without a hearing after notice.  He sought to become a party to the instant suit, admitted by his tender a certain amount was due plaintiff, kept the tender good by alleging under oath that he then brought the amount into court for plaintiff.  Under our statute he will not be permitted to withdraw the amount of the tender.  He made the tender after negotiations in an attempt to settle.  He made the tender after investigation.  No injustice is done him by requiring him to pay the amount he solemnly admitted to be due.

The petition for rehearing is denied.

REHEARING DENIED.  MOTION TO RECONSIDER DENIED.