Paul MESSER d/b/a Lake Region Properties Realtors, Appellant,

v.

Dorothy Barlow RUEB, Individually and as Executrix of the Estate of Verbie A. Barlow, Appellee.

No. 48330.

Court of Appeals of Oklahoma, Division 2.

Nov. 18, 1975.

Rehearing Denied Jan. 5, 1976.

Certiorari Denied Feb. 10, 1976.

Released for Publication by Order of Court of Appeals Feb. 18, 1976.

Kenneth A. Hicks, Robertson & Hicks, Wagoner, Okl., for appellant.

Earl Youree, Wagoner, Okl., for appellee.

BRIGHTMIRE, Judge.

Granting a summary judgment to the defending appellee was the way the trial court disposed of plaintiff's suit to recover damages for breach of an exclusive 90-day real estate listing contract. The real estate salesman appeals, contending that he, not defendant, should be granted judgment.

■ The first thing we notice about this lawsuit is the court's lack of jurisdiction to render any judgment at all by reason of the fact plaintiff failed to allege or offer any proof that he was a licensed real estate broker or salesman at the time the alleged cause of action arose as required by 59 O.S.1974 Supp. § 858–311 (formerly 59 O.S.1971 § 855). Consequently, we reverse the judgment appealed from and remand for further proceedings as hereinafter directed.

According to plaintiff's petition he entered into "a certain contract" with defendant—who was "the executrix of the estate of Verbie A. Barlow"—on May 14, 1974. Although he recites that a copy of this contract is attached to the petition, it is not. Next plaintiff avers that he put a "For Sale sign in front of the property listed in said contract and caused advertisement for" its sale to appear in Wagoner, Muskogee and Tulsa newspapers. The last thing alleged is that defendant sold the property on August 5, 1974, for $24,000 and she "refuses to pay to the plaintiff the real estate fee as provided in said contract." Judgment is asked for in the amount of $1,440.

■ It is obvious at this point that without the contract attached the petition states no cause of action. The facts alleged suggest neither a breach of any agreement nor any other basis supporting plaintiff's entitlement to either a fee or damages. However, plaintiff did attach a copy of a contract to what he called "Answer to Defendant's Motion For Summary Judgment and Counter-Motion For Summary Judgment." For the purpose of deciding the substantive question argued by the parties on this appeal, we will consider the petition not only as having the contract attached but amended [1] to include several other "operative facts" set out in plaintiff's above-mentioned "answer," namely: that (1) on July 8 (about two months after the

three-month exclusive listing agreement commenced) defendant wrote plaintiff a letter giving him "ten days' notice of cancellation of our listing agreement," and adding, "I have been completely satisfied in every way with your efforts to sell the property, and do appreciate what you have done," and (2) on August 5 defendant sold the property and the sale was confirmed by the court two weeks later.

The contract between the parties was on a form copyrighted in 1963 by the Tulsa Real Estate Board and officially approved by the Oklahoma Association of Realtors. Pertinent to our decision here is one of its provisions specifying that "Seller agrees to pay a commission equal to 6 per cent of the total sale price . . . as and for the compensation of Realtor, in any of the following events: a. *The sale . . . of the property during the term of this agreement, whether procured by Realtor, seller, or a third person*." (emphasis added)

■ The trial court gave no hint as to why it sustained defendant's motion for summary judgment.[2] However, the contents of defendant's answer and her motion for summary judgment suggest the court did so on the mistaken notion that the contract being one of agency uncoupled with an interest was revocable during its term at the will of the principal without there being legal liability for any resulting detriment—a conclusion thought by defendant to have been reached in "one of the controlling cases," *Longmire v. Webber*, 109 Okl. 49, 234 P. 620 (1925). Supporting this inference is the fact that defendant now defends the judgment on exactly the same legal theory.

The unsoundness of defendant's theory, we think, is perhaps due to overlooking two related fundamental points: (1) the distinction between defendant's *power* to terminate the contract and her *right* to ex-

---

1. We assume appropriate attention to amending his petition will be given priority by plaintiff on remand.

2. The appeal is from this final order and it does not reflect a judgment as such has yet been entered.

ercise it, and (2) though—by exercising her power to cancel the contract within its term—she eliminated plaintiff's contractual right to a commission, she at the same time breached the agreement, thereby creating a substitutional right in plaintiff to recover damages resulting from the breach. *Deming Inv. Co. v. Christensen,* 60 Okl. 148, 159 P. 663 (1916). The earlier cited case of *Longmire*—which held a real estate salesman could not recover a "commission" under a revoked listing contract—quite emphatically recognized these differentiae saying: "the plaintiff admits the revocation . . . and, if there was a breach of the contract by defendant, whereby plaintiff suffered damages, the remedy would be by appropriate action for damages, and not for the commission agreed upon."

■ The more difficult question involved here has to do with the measure of plaintiff's damages. The applicable law in general terms is contained in 23 O.S.1971 §§ 21 and 96. *Pointer v. Hill,* Okl., 536 P. 2d 358 (1975). Section 21 specifies that the measure of damages for the breach of an obligation arising from contract "is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom." And § 96 limits recovery of such damages to an amount the aggrieved party "could have gained by the full performance" of the contract.

In context of the particular facts herein, these statutory prescriptions lead inescapably to the conclusion that the detriment plaintiff suffered by the breach is the amount he would have received had defendant sold the property without first cancelling the contract—that is, 6 percent of the $24,000 total sales price or $1,440.

The judgment entered below is therefore reversed and the cause is remanded to the trial court with directions to hear evidence and determine the jurisdictional question of licensure. If plaintiff establishes he held a valid state real estate brokerage license at the time his cause of action arose, then judgment for $1,440 shall be rendered in his favor. If, however, plaintiff fails to prove he held such a license, then the court shall dismiss his action.

The costs of this appeal are charged to plaintiff-appellant for failure to make timely· proof essential to jurisdiction. *Pointer v. Hill,* supra.

NEPTUNE, P. J., and BACON, J., concur.