# DAYTONA PLAZA, INC. v HOWARD, et al.

Case No. 86-3747-CC-12C

Seventh Judicial Circuit, Volusia County

January 3, 1990

## APPEARANCES OF COUNSEL

**Edwin D Davis,** for plaintiff.

**Barry Hughes,** for defendant, Terry Washington.

## OPINION OF THE COURT

SHAWN L. BRIESE, County Judge.

THIS COURT, pursuant to receipt of a Summons and Notice of Pretrial Conference in an Adversary Proceeding from the United States Bankruptcy Court for the Eastern District of Virginia, Norfolk Division, requiring submission of a motion or answer to a Bankruptcy Trustee's (for debtor Terry K. Washington) Motion for Turnover of Property by a Custodian, held a hearing on the issue on December 27, 1989. This Court, pursuant to counsel's argument, submitted case authority, and further research, finds as follows:

Plaintiff, landlord, on October 26, 1986 filed a complaint for posses-

sion of real property due to alleged nonpayment of rent on a commercial lease. Tenant Terry Washington filed an answer to the complaint and affirmative defenses on November 18, 1986. Tenant in denying the allegations in the complaint and in his affirmative defenses allege an oral modification of the lease to provide for three months free rent due to the poor condition of the property at the time of initial possession. Tenant further withheld five months rent and tax thereon ($5,949.95) due to landlord's alleged failure to make necessary roof repairs. Tenant requests a determination of the parties rights, i.e., landlord's obligation to repair the roof versus tenant's right to withhold rent and the propriety of a "reasonable offset" due to landlord's failure to make the necessary repairs. Tenant, in conjunction with the filing of his responsive pleading, filed a notice of deposit and deposited the withheld rent with the clerk of the county court. Tenants, evidently, subsequently vacated the property.

Tenant, in seeking the deposited funds on November 14, 1989, filed a motion to disburse fund in court registry. Landlord filed an objection three days later. It should also be noted that a suit for the unpaid rent was commenced in the Circuit Court on July 1, 1988. Landlord filed a notice of voluntary dismissal against tenants Howard, Wrezesinski, and Williams on March 16, 1989. The circuit case remains pending against tenant Washington due to a lack of service of process. Landlord, in the December 27, 1989 hearing, argued, based on *Phipps v Watson,* 147 So. 234 (Fla. 1933), that tenant by making the deposit with the clerk on November 16, 1986 made an unconditional tender of the funds irrevocably passing title even though actual receipt of the funds does not occur until the conclusion of the litigation.

It is maintained that since title to the funds passed on November 18, 1986 (prior to the March 16, 1989 bankruptcy) that this Court should decline to release said funds to the trustee. Landlord also relies on *In Re Brofer Coal & Mining Co.,* 4 F.2d 353 (7th Cir. 1925); *Dechenbach v Rima,* 93 P. 464 (Or. 1908); *Fox v Williams,* 66 N.W. 357 (Wis. 1896); and *The Rossend Castle,* 30 F. 462 (S.D.N.Y. 1887). Tenant maintains that there was no unconditional tender.

Chapter 83 *Fla. Stat.* (1987) dealing with nonresidential tenancies has no provision requiring the deposit of accrued and accruing rent in an action for possession when a defense other than payment is alleged as does the Florida Residential Landlord and Tenant Act. See § 83.60(2) *Fla. Stat.* (1987). Likewise there is no provision requiring the court to award rent due in a possession action. See § 83.625 *Fla. Stat.* (1987).

Section 83.20(2) *Fla. Stat.* (1987) provides a cause of action for

possession based on the nonpayment of rent. See also 83.21 *Fla. Stat.* (1987). Section 83.08 *Fla. Stat.* (1987) provides a lien for rent due upon specified property. There are also sections providing a distress writ for rent. See § 83.11 - 83.19 *Fla. Stat.* (1987).

It is unclear to this court why tenant deposited the withheld rent in the action for possession. The court would also note that Fla.R.Civ.P. 1.600 provides for deposits with the court. It is clear that deposits under the rule require leave of court. None was had herein.

The only relevant Florida case is *Phipps v Watson, supra.* The case makes it clear that when a party litigant *pursuant to court order* pays money into the court registry *as an unconditional tender which he contends is due by him to his adversary* the title to the sum passes irrevocably to the adversary although not accepted until the conclusion of the litigation. It is also clear that if money is paid into the court registry by a stranger or *by one having no right to do so and without the court's knowledge or sanction* or in such a manner that the funds may be withdrawn at the will of the depositor they do not become funds in legal custody of the court.

The cases relied on by tenant are inappropriate to the instant case. The funds paid to the clerk in *In Re Brofer Coal & Mining Co., supra,* were paid pursuant to court order and were an unconditional tender admitted to be due on an unliquidated claim for damages. Such was also the case in *The Rossend Castle, supra.* Likewise, the tender in *Dechenbach v Rima, supra,* a forcible entry and detainer action, was deposited for the plaintiff at the time defendant's answer was filed. Defendant had unsuccessfully attempted to tender the funds to the plaintiff prior to the initiation of the action. The court found that defendant's allegation that the tender was only a conditional tender as part payment upon the parol contract was not alleged in his answer. Specifically the tender was found to be an unconditional tender.

The $5,949.95 deposited with the Clerk of the County Court was (1) not provided for by statute, (2) not provided for by court rule, (3) not pursuant to court order or by leave of court, and (4) was not an unconditional tender of an amount which is admittedly due to plaintiff. The tenant, while apparently admitting that some of the deposited funds were due to plaintiff, inappropriately sought a determination, in the possession action, of the amount actually due based on the alleged free rent along with the requested offset due to plaintiff's alleged failure to make necessary roof repairs.

Based on the above and foregoing the deposited funds were not in the legal custody of this Court and as such are subject to bankruptcy

**153**

trustee's motion for turnover. The Clerk of the Court, Seventh Judicial Circuit, is ordered to issue a check in the amount of $5,949.95 to Alexander P. Smith, as trustee and forward said check to Trustee at Post Office Box 3368, Norfolk, virginia 23514-3368.

DONE and ORDERED in Chambers at Daytona Beach, Volusia County, Florida this 3rd day of January, 1990.