(125 App. Div. 608.)

### SHAPIRO v. SHAPIRO et al.

(Supreme Court, Appellate Division, Second Department. April 24, 1908.)

BROKERS—ACTIONS FOR COMPENSATION—EVIDENCE—PRESUMPTIONS.

> In a controversy between rival claimants for commissions upon the sale of certain real estate, where there is no dispute that a certain person holds the title and paid the purchase price, and nothing to show that the purchase by such person was a mere pretense to cover a sale to the brokers who ostensibly produced him, the presumption must be that he was a bona fide purchaser, and that the only parties entitled to commissions are those who produced him; and the mere fact that such parties may have accepted a commission from him does not increase the rights of claimants, who did not produce him.

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Barnet Shapiro against Barnet Shapiro and others. From a judgment for certain defendants, defendants Marcus Michel and another appeal. Reversed.

Argued before WOODWARD, JENKS, HOOKER, and MILLER, JJ.

C. W. Wilson, Jr., for appellants.
Samuel Chugerman, for respondents Leder and Zellermeyer.

WOODWARD, J. The plaintiff brought this action to recover commissions upon the sale of certain real estate owned by the defendant. The latter paid the commissions into court, and interpleaded the defendants, who are before this court on appeal.

Upon a former appeal (117 App. Div. 817, 103 N. Y. Supp. 305) this court reversed a judgment in favor of the defendants Leder and Zellermeyer, upon the ground that it did not appear from the evidence that Leder and Zellermeyer produced the purchaser, Busch. We find

the same difficulty in sustaining the judgment now before this court. There is evidence that Michel and Scott purchased the premises as brokers for Busch; that Busch took the title, paid the original deposit, made the subsequent payments, and still holds the title to the premises; and there is no evidence that Leder and Zellermeyer had anything whatever to do with producing this purchaser. The effort was made to show that Busch was a mere dummy, that Michel and Scott were the real purchasers, and that they turned the property over to Busch for an advance of $200 upon the purchase price, as agreed upon by the defendant Shapiro; but we are of the opinion that the evidence failed to support such an inference.

This is not a controversy between the original parties, but one between rival claimants for commissions, and there is no dispute that Busch holds the title and that he paid the purchase price, and in the absence of evidence to show that this purchase by Busch was a mere pretense to cover the transaction the presumption must be that he was the bona fide purchaser, and that the only parties entitled to commissions are those who produced this purchaser. The defendants Michel and Scott unquestionably produced Busch as the purchaser, who took the property upon the terms named by the defendant Shapiro, and the mere fact that Michel and Scott may have accepted a commission from Busch does not, as between the parties before this court upon appeal, serve to increase the rights of Leder and Zellermeyer, who did not produce the purchaser. Of course, if Michel and Scott were the real purchasers, and they were brought to make the purchase through the defendants Leder and Zellermeyer, the latter would be entitled to the commissions; but, in the absence of evidence to show these facts, the judgment appealed from cannot be supported.

The judgment appealed from should be reversed.

Judgment of Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.