## PITTS v. PITTS.

No. 7218—Opinion Filed March 20, 1917.

(164 Pac. 105.)

(Syllabus by the Court.)

1. **Brokers—Right to Commission—Services.**

The mere introduction to the owner by a broker of one who thereafter purchases the premises does not entitle the broker to a commission for the sale of the premises, where the purchaser has already seen and is fully advised as to the property, and has already determined to purchase the same.

2. **Same.**

The fact that a broker possesses the same surname as the owner of the premises, and by mistake of the intending purchaser is accidentally brought into contact with such purchaser, whom he never saw before, where the broker does nothing further than to direct the intending purchaser to the true owner, after an unsuccessful attempt to make a sale, who thereafter negotiates a sale of the property, does not entitle the broker to a commission.

3. **Same—Action for Commission—Sufficiency of Evidence.**

Evidence examined, and held, that plaintiff was neither the procuring cause of the sale nor the efficient agent in effecting same, and was not entitled to a commission therefor.

Error from Superior Court, Muskogee County; F. L. McCain, Judge.

Suit by Bert Pitts against S. C. Pitts. Judgment for plaintiff, and defendant brings error. Reversed.

W. P. Z. German, for plaintiff in error.

Bailey, Wyand & Nelson and W. G. Robertson, for defendant in error.

HARDY, J. Bert Pitts sued S. C. Pitts in the superior court of Muskogee county to recover certain sums alleged to be due him as commission for services in connection with

the sale of a farm, and recovered judgment therefor, and this appeal is from the judgment rendered in his favor. The parties will be referred to in accordance with their positions in the trial court.

The undisputed facts are that one Gilstrap had purchased a piece of land near Featherstone, and after looking it over saw the land adjoining it, and concluded that he wanted to purchase it as an addition to his farm. After inquiry in the neighborhood, he learned that it belonged to a man at Muskogee by the name of Pitts. Thereafter he went to Muskogee for the purpose of seeing Pitts with reference to the purchase of said land. Upon making inquiry in Muskogee as to where Pitts could be found, he was directed to the office of plaintiff, where he made known his mission. Plaintiff thereupon undertook to sell him said land, but failed to do so. Plaintiff then called defendant S. C. Pitts over the telephone, and a meeting between defendant and Gilstrap was brought about. Negotiations were had between defendant and Gilstrap, but no deal was consummated. Thereafter a Mr. Tinch, who was engaged in the loan business, having learned that Gilstrap desired to buy the Pitts farm, concluded that if he could bring about a trade between Pitts and Gilstrap he could make a loan upon said property. With this object in view, he went to Stigler and induced Gilstrap to come to Muskogee. Having learned that Gilstrap would come to Muskogee, he went to the telephone with a view of calling S. C. Pitts, but instead, by mistake, called Bert Pitts, and told him that Gilstrap would be in to close the deal. Plaintiff thereupon called defendant over the telephone, informing him of that fact. Gilstrap and defendant met in Tinch's office, and finally closed the deal, and plaintiff, learning of the sale, demanded a commission therefor.

The first question urged is that plaintiff, having declared upon an express contract, was not entitled to recover on a quantum meruit. The evidence failed to show an express agreement for any certain sum, but plaintiff proved what would be a reasonable commission under the circumstances.

In King et al. v. Stevenson et al., 29 Okla. 29, 116 Pac. 183, plaintiff, who was a real estate agent, brought his action for commissions alleged to have been earned on the sale of land and relied upon a special contract. He recovered upon quantum meruit, and it was held error to admit evidence establishing the same and to instruct the jury that it might return a verdict for such sum as was customary for services shown to have been rendered. In the present case no objection was made to the introduction of this evidence. In the case cited it is stated:

"And where plaintiff declares upon an express contract, he must, except in those cases where on the introduction of evidence by consent a departure is permitted, succeed or fail upon the issue which he thus tenders."

By failing to object to the introduction of the evidence, defendant is not in a position to urge error upon its admission.

The court should have instructed a verdict for defendant. The mere introduction to the owner by a broker of one who thereafter purchases the premises does not entitle the broker to a commission for the sale of the premises where the purchaser has already seen and is fully advised as to the property, and has already determined to purchase the same. The mere accident that the broker possesses the same surname as the owner and by mistake of the intending purchaser is accidentally brought in contact with such purchaser, whom he never saw before, where the broker does nothing further than to direct the intending purchaser to the true owner after an unsuccessful attempt to make a sale, who thereafter negotiates a sale of the property, is not sufficient to entitle the broker to a commission. Before the broker is entitled to a commission, he must be the procuring cause of the sale, and to be the procuring cause of a sale the broker must first call the purchaser's attention to the property, and start negotiations, which culminate in the sale thereof. Wheelan et al. v. Hunt, 37 Okla. 523, 133 Pac. 52. In Shapiro v. Shapiro, 117 App. Div. 817, 103 N. Y. Supp. 305, Barnett Shapiro owned certain property which was for sale. A brokerage firm called the property and the price to the attention of a prospective purchaser, who made a memorandum, including the owner's name, and went to look at the houses. Thereafter, attempting to call the owner to the telephone, by mistake, he called up another Shapiro, who truthfully admitted that he was Mr. Shapiro, and said that he knew about the houses, and who finally made an appointment to bring the intending purchaser and the owner into personal communication. A sale was finally effected by the owner, and the broker sued for commission. Other brokers claiming a right to the commission, same was paid into court, and the owner was relieved by order of interpleader, leaving the question to be litigated between the rival claimants. The claim of Shapiro was denied, and the judgment was affirmed. The court said:

"If the buyers were in fact Michel & Scott, they were in possession of the particulars, knew the name of the owner, and were actually seeking him, when the accident of name and surname permitted the broker Shapiro to get wind of the project, and to proffer his

services, which were really nothing more than to secure what direct telephonic communication might have brought to pass, if the right Shapiro had been found under the wrong Shapiro's telephone number."

In Lord v. United States Transp. Co., 143 App. Div. 437, 128 N. Y. Supp. 451, in a similar case, it was said:

"It is perfectly clear on uncontroverted evidence that the defendant was looking for a tenant for part of this pier, and that the French Line was looking for this particular pier before the attention of the plaintiff was drawn to the matter."

In reversing the case the court said:

"It may well be, as indicated by the testimony of Cauchois, that the plaintiff's call on Cauchois expedited their coming together; but it was inevitable in the circumstances that they would meet with respect to this proposition, even had the plaintiff not intervened to precipitate it."

Spotswood v. Morris, 12 Idaho, 360, 85 Pac. 1094, 6 L. R. A. (N. S.) 665, reaches a like conclusion upon a similar state of facts. In that case Mulhall had been dealing with Morris for the lands in question, and was en route to see it and Morris, and while in Moscow, Idaho, happened into the office of Spotswood & Veach, and made some inquiry about Denver land and the country in general, and Spotswood suggested that he give Mulhall a letter of introduction to Morris, the owner. After receiving the letter, Mulhall proceeded to Lewiston, and met Morris, and presented the letter. It was held that under this state of facts, Spotswood & Veach did not call Mulhall's attention to the land, and were not entitled to recover. In passing upon the case the court said:

"He had concluded to go and inspect said land more than a month before he met respondents, having had his attention called to it by B. F. Morris, and had proceeded about 2,000 miles on his way to see the land before he accidentally, or incidentally, met respondents. Those are the undisputed facts. Respondents were informed by Mulhall that he was on his way to see said land. The giving of said letter of introduction was a work of supererogation. and for the evident purpose of laying the foundation for a commission. The respondents had no more right to appropriate as their own a purchaser found by appellants than appellants had to appropriate one found by respondents, provided the land had been listed with them. There must be a little honor between real estate agents."

Under the evidence and in accordance with the rule declared in the foregoing authorities, plaintiff was neither the procuring cause of this sale nor the efficient agent in effecting it. The purchaser obtained his information prior to seeing plaintiff, and accidentally entered his office in his search for the defendant. The moving and procuring cause of this sale occurred before plaintiff knew of the purchaser or of his desire to acquire the property and the plaintiff had no connection with the efficient agency that brought it about, and the sale clearly was not a result of his efforts.

The judgment is therefore reversed.

All the Justices concur.