[No. 2680.   Aug. 30, 1923.]

## LAS VEGAS REALTY & INS. CO. V. SPARKS.

### SYLLABUS BY THE COURT

Where property is shown a prospective customer by a real estate broker, and the prospective purchaser definitely refuses to purchase the same, and the negotiations are abandoned by all of the parties, or where a real estate broker fails to disclose to the owner the fact that he is dealing with a given proposed purchaser, and the owner deals directly with the purchaser and sells to him at a less price than the property was listed with the broker, relying upon his exemption from the payment of commissions, there is no right of recovery on the part of the broker.

Appeal from District Court, San Miguel County; Leahy, Judge.

Action by the Las Vegas Realty & Insurance Company, a copartnership, composed of A. E. Lee and another, against J. M. Sparks. From a judgment for plaintiffs, defendant appeals. Reversed and remanded, with directions.

Hunker & Noble, of Las Vegas, for appellant.

Charles N. Higgins, of East Las Vegas, for appellees.

### OPINION OF THE COURT

MECHEM, District Judge.   The appellant was the owner of a dwelling house in the town of East Las Vegas and advertised in the local paper offering the same for sale.   A real estate firm, composed of Edith Crawford and Annie E. Lee, doing business under the

firm name and style of Las Vegas Realty & Insurance
Company, appellee herein, saw the notice in the paper
and procured from the appellant a listing of the prop-
erty with them as brokers at an agreed price of $6,500,
and a commission of 5 per cent upon the purchase
price in case of sale. They called upon August Kohn,
soliciting him to purchase the property. With his con-
sent, they took the mother of Mr. Kohn out to see the
various properties which they had listed for sale, and
among others showed her the house in question, but the
appellant did not know Mrs. Kohn was related to Mr.
Kohn, and appellees failed to disclose to appellant that
they were dealing with Mr. Kohn. Thereafter Mr.
Kohn refused to purchase the house on account of the
price asked, and on account of some features about the
house to which he objected. The transaction was closed
so far as he was concerned, and the whole matter
dropped and abandoned.

These facts occurred the latter part of October or the
first of November, 1920. In December following, Mr.
Kohn's landlord notified him that the rent of the house
in which he lived would be raised and that he must
take a lease for one year. He then determined to pur-
chase a house, and on January 3, 1921, published a
notice in the Las Vegas Optic that he would buy a
modern five or six room cottage or bungalow, asking
owners to give description and price. Thereupon Mr.
Sparks, the appellant, published a notice in the Las
Vegas Optic giving a description of the house in ques-
tion, and stating that he would make the price right to
parties wanting to buy. Thereupon Mr. Kohn went to
the Sparks place, and Mr. Sparks asked him if he was
being shown this place by any real estate brokers, and
he told Sparks he was not. Then Sparks told Kohn
that he would make him a special price upon the prop-
erty provided there was no commission to be paid.
Kohn told him that there was none on his part, and, if
there was none on Sparks' part, there would be no
commission to pay. They thereupon concluded a sale
of the property for $5,500, which was $1,000 less than

Sparks had listed the same with appellees, or had theretofore offered the same for sale.

The court found in an oral decision that the appellees brought the parties together and were consequently entitled to recover their commission. He found in the judgment for appellees "that plaintiffs did negotiate a sale for defendant, J. M. Sparks, and were the procuring cause of the sale." Judgment was accordingly rendered for appellees in the sum of $275, from which judgment the case is here upon appeal.

The court, in awarding the judgment, overlooked two important and controlling considerations due, no doubt, to the failure of counsel to call his attention to the same. In the first place, after the property was shown to Mr. Kohn's mother, which, as the court found, was in effect a showing of the same to him, he definitely refused to purchase the same, and the whole matter was abandoned by all the parties. This precludes recovery of commissions by the broker, although subsequently the owner and purchaser make a deal through independent negotiations, as was done in this case. 9 C. J. Brokers, § 99; Chaffee v. Widman, 48 Colo. 34, 108 Pac. 995, 139 Am. St. Rep. 200, and note.

In the second place, appellees failed to disclose to appellant that they were dealing with Mr. Kohn, and, being unaware of any claim upon him for commissions, appellant sold the property for $1,000 less than he had listed it with appellees, relying upon such exemption from payment of commissions. This precludes recovery in this case. Byerts v. Schmidt, 25 N. M. 219, 180 Pac. 284.

It follows that the judgment is erroneous and should be reversed, and the cause remanded, with directions to dismiss the same, and it is so ordered.

PARKER, C. J., concurs.