## MANEY BROS. & CO. v. BLACKBURN.

No. 20172. Opinion Filed May 24, 1932.

Rehearing Denied July 27, 1932.

Elmer L. Fulton, for plaintiff in error.

Brett & Brett, for defendant in error.

CULLISON, J. Plaintiff instituted suit seeking to recover certain money alleged to be due and owing from defendants to plaintiff. Defendants answered by denial and pleaded certain special defenses to plaintiff's cause of action, and also filed a cross-petition seeking affirmative relief, to which pleading plaintiff replied. The case was tried to a jury and resulted in a verdict for plaintiff. Parties will be referred to in this court as they appeared in the trial court.

The record discloses that defendants secured a contract with the Highway Department of the state of Oklahoma for the construction of a roadbed and graveling of the same in what was known as federal project No. 39, Carter county, Okla. Plaintiff and defendants entered into a contract whereby defendants sublet to plaintiff certain excavating and grading work on said project, to wit, section "A," of approximately four miles. The contract provided the terms and conditions under which the work should be completed and the amount of payment for the different kinds of work. Plaintiff entered upon the construction of the said roadbed and claimed to have completed the same in accordance with the blue taps as set by the engineer in charge of said project.

Defendants paid plaintiff for all work done each month as shown by the estimate of the highway engineer in charge, less 10 per cent. Plaintiff did not receive pay for work done the last month. Plaintiff also performed certain extra work alleged to be of the value of $688, making a total of $1,854.90 alleged to be due. About twelve months after plaintiff had completed said roadbed defendants served notice on him to complete said roadbed to proper grade. Plaintiff claims to have consulted with the engineer in charge and the engineer advised that the roadbed did not need further construction thereon. Defendants then did such work as they claimed was necessary to put section "A" in proper condition to be graveled and deducted the amount so required from the amount due plaintiff, which left plaintiff owing defendants $792.03, the

amount for which defendants filed their cross-petition.

The evidence further disclosed that the roadbed was used for travel after the completion of the grading. That there was extensive heavy oil field hauling over the same from the time plaintiff completed grading until defendants commenced to gravel, and that this traffic produced the rough surface complained of by defendants.

Plaintiff claimed that the road was ready for gravel when he completed the same and that defendants' negligence in not graveling the roadbed until approximately one year after plaintiff completed the grading was the cause of the same being rough and uneven. That said unevenness was caused by the usage of the road for travel. All of these issues, with the evidence in support thereof, were before the jury and the jury found for plaintiff for the amount claimed.

Defendants' first, second, third, and fourth specifications of error deal with the instructions of the trial court in the trial of said cause. We have carefully reviewed the questions raised by said specifications. The evidence in the trial of this cause was very conflicting. The evidence of plaintiff substantiated plaintiff's theory of the suit as pleaded, and the evidence of defendants substantiated defendants' theory of said cause. The trial court instructed the jury upon the issues as pleaded by plaintiff and defendants and substantiated by their evidence, so that the jury had before it the theory of plaintiff and the theory of defendants submitted under the court's instructions and applied the same to the evidence in said cause.

We consider the instructions objected to by defendants a proper statement of the cause under the theory as pleaded by plaintiff, and it was the province of the jury to determine who should prevail under proper instructions. After considering the action of the trial court in the matters raised in said assignments of error, we find that the action of the trial court does not present reversible error. Mid-Continent Life Ins. Co. v. Tackett, 149 Okla. 147, 299 P. 862; Holmboe v. Neale, 69 Okla. 183, 171 P. 334.

Defendants next contend that the trial court erred in refusing to require plaintiff to separately state and number causes of action pleaded in plaintiff's petition. Plaintiff pleaded, in substance, that there was a certain amount of money due for work done under the contract and an additional amount due for certain work done on the same road project under the direction of the high-way engineer in charge. Defendants contend that these two items were such that they should have been separately stated and numbered. Evidently the trial court ruled on said question on the theory that all money claimed to be due from defendants to plaintiff arose out of the road contract in question and as such should be considered together.

We do not consider that there were two separate and distinct causes of action so as to necessitate separately stating and numbering the same, and the order of the trial court overruling said request was not reversible error.

Defendant requested the trial court to strike from plaintiff's petition all reference to the $688 item of work and also questioned the sufficiency of plaintiff's petition. In considering said assignment, we observe, while plaintiff's amended petition could have been pleaded in better form and substance, yet the same contains sufficient statements and averments to state a cause of action and to apprise defendants of the nature of plaintiff's cause of action so that defendants might defend against the same. The ruling of the trial court thereon was not error.

The ninth, tenth, and eleventh questions of error, as presented by defendants, deal with the evidence in said cause and pertain to the rulings of the trial court in permitting the introduction of certain evidence.

We have carefully considered the evidence objected to by defendants. The matter of the introduction or rejection of testimony in the trial of a cause is largely within the discretion of the trial court, and his decisions thereon will not be reversed unless there is abuse of discretion.

The testimony objected to by defendants was testimony relating to certain controverted questions as raised by the pleadings. Under the theory of plaintiff's case as plaintiff was entitled to introduce such testimony as would substantiate his cause as pleaded, and since the testimony comes within this rule, the overruling of defendants' objections to said testimony and admitting the same was not reversible error, under the following sections:

Section 319, C. O. S. 1921: **"Immaterial errors to be disregarded:** The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judg-

ment shall be reversed or affected by reason of such error or defect."

Section 2822, C. O. S. 1921: "**Harmless Error:** No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission, or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

See, also, Brockhaus v. Killough, 97 Okla. 256, 220 P. 863.

After a careful consideration of the authorities and the record in said cause, we hold that the judgment of the trial court should be affirmed.

HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and RILEY, J., absent.