## WAGNON v. SHOPTAW.

No. 21481. Opinion Filed Jan. 31, 1933.

Jones & Clift, for plaintiff in error.

C. L. McArthur, for defendant in error.

ANDREWS, J. This is an appeal by the defendant from a judgment in favor of the plaintiff against the defendant for the recovery of an amount found due as a commission for the sale of real estate.

The defendant contends that the judgment is not sustained by the evidence. Since the defendant did not demur to the evidence, move for an instructed verdict, or otherwise legally attack the sufficiency of the plaintiff's evidence during the trial, the question of the sufficiency of that evidence cannot be presented on motion for new trial, or in this court. White v. Hughes, 145 Okla. 192, 292 P. 37.

Whether or not the plaintiff was authorized to sell the property at the time she began negotiations for the sale with Hill and Jackson, whether or not the plaintiff was the first to bring the proposition of the sale of the property to the attention of Hill and Jackson, whether or not the sale was made to Hill and Jackson, and whether or not the plaintiff was the procuring cause of the sale of the property, were questions of fact to be determined by the jury from the evidence presented. See Roberts v. Markham, 26 Okla. 387, 109 P. 127; Cornell v. Howe, 131 Okla. 290, 269 P. 243; Harris v. Owenby, 58 Okla. 667, 160 P. 596, and Stuart v. Mathews, 104 Okla. 105, 230 P. 696.

The defendant contends that the trial court erred in the giving of instruction No. 9, in that the jury was thereby led to assume that the court meant thereby that the facts showed that the defendant had not acted in good faith with the plaintiff. When that instruction is considered as a whole, we do not find that meaning therein. We find no reversible error in the instruction.

The defendant contends that the trial court erred in the giving of instruction No. 10. We find no reversible error therein. If the plaintiff was the procuring cause of the sale of the property to Hill and Jackson, her right to a commission was not defeated by proof that Hill and Jackson purchased the property for another.

The issues in this case were submitted to a jury under proper instructions without legal objections. The judgment conforms to the verdict of the jury. That judgment is affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, and WELCH, JJ., concur. BAYLESS and BUSBY, JJ., absent.

Note.—See under (2) R. C. L. Perm. Supp. p. 1116. (3) annotation in 44 L. R. A. 612; 26 A. L. R. 795; 4 R. C. L. 303, 304; R. C. L. Perm. Supp. p. 1108. (4) annotation in 43 L. R. A. 608; 44 L. R. A. 347; 4 R. C. L. 315, 316; R. C. L. Perm. Supp. p. 1114.