BREWER v. HENRY.

No. 29526. Sept. 10, 1940.

*105 P. 2d 430.*

W. L. Farmer, of Oklahoma City, for plaintiff in error.

Walter Morris, of Anadarko, and Glenn Staley, of Oklahoma City, for defendant in error.

GIBSON, J. Plaintiff appeals from an adverse judgment in his action for a broker's commission.

The cause was tried to the court without a jury.

The single question for decision here is whether or not the evidence shows that plaintiff brought about the sale.

Defendant Henry listed his farm near Verden for sale with plaintiff and others. Plaintiff was acquainted with one Ryan and called on the latter at Oklahoma City primarily to sell a farm near Tuttle. Ryan at the time expressing doubt as to his desiring the Tuttle farm, plaintiff gave Ryan a description of defendant's farm, its price, and directions to find it. Plaintiff contributed nothing to its later sale, and did not see the buyer again before the sale. Ryan, engaged in road work, had been about Verden several days after plaintiff called on him, but had not gone to see the farm and was not interested sufficiently to take with him the farm description or directions given him by plaintiff.

Not long thereafter one Woodall approached Ryan in an attempt to sell him a farm in the vicinity of Verden. They inspected a number of places, including the one in question. Thereafter plaintiff informed defendant that he had told Ryan about the farm.

A sale to Ryan was consummated shortly thereafter at a price less than that quoted by plaintiff. Defendant refused to pay a commission to plaintiff, and this action followed.

Plaintiff had no exclusive agency to sell the farm. In such cases the same prospective purchaser may be presented to the owner by other agents. The agent who makes the sale and not the one who first presents the purchaser is entitled to the sale commission where no exclusive agency exists. Nation v. Harness, 33 Okla. 630, 126 P. 799. The record here shows only that plaintiff first informed Ryan of the Henry farm being for sale, but fails to show that plaintiff did anything thereafter that caused Ryan to buy. The question of whether the plaintiff was the procuring cause of the sale was determined against the plaintiff, and our review of the record causes us to conclude that the trial court was correct in so doing. J. L. Lemmon Co. v. Oppenheimer, 155 Okla. 209, 8 P. 2d 679; Artlin Realty Co. v. Glass, 170 Okla. 588, 41 P. 2d 471; Wagnon v. Shoptaw, 161 Okla. 291, 18 P. 2d 868; Petroleum Pipe Line Co. v. Lundy, 176 Okla. 319, 55 P. 2d 963.

The judgment is affirmed.

WELCH, V. C. J., and OSBORN, HURST, and DANNER, JJ., concur.