## CALES v. PATTISON.

No. 30136.    June 17, 1941.

*114 P. 2d 457.*

Maris & Maris, of Ponca City, for plaintiff in error.

Doggett & Doggett, of Ponca City, for defendant in error.

PER CURIAM. This is an action brought by the plaintiff, R. C. Pattison, to recover $200 for and on account of the sale of certain real property of O. J. Cales, defendant, as commission for said sale.

The petition alleges that plaintiff and defendant entered into an oral contract by the terms of which defendant agreed to pay the plaintiff $100 for the sale of said property for $4,500, or $200 for the sale of the property for $5,000; that plaintiff found a purchaser, to wit, the Olson Drilling Company, who purchased said property for a consideration of $5,000 by a conveyance of the real property from the defendant direct to Olson Drilling Company; that the plaintiff made a demand upon the defendant for the said sum of $200, and that the defendant refused to pay the same. Issues were joined by answer. After demurrer to the evidence and motion for directed verdict by the defendant were overruled, a jury returned a verdict for $200, the amount sued for. Judgment was entered on the verdict, and the defendant appeals.

Six allegations of error are presented. In the first three allegations of error the defendant alleges that the trial court erred in overruling the demurrer to the evidence and refusing to direct a verdict for the defendant.

The record discloses that plaintiff lived on four acres of a farm of approximately 160 acres owned by the defendant. Defendant had advertised the farm for sale at auction on June 15, 1939; the farm failed to sell upon said date, whereupon plaintiff made a proposition to the defendant to sell the farm to the Olson Drilling Company, and it was agreed that if the farm sold for $4,500, plaintiff was to receive $100 as commission, and if it was sold for $5,000, his commission was to be $200; that in pursuance of said agreement plaintiff contacted Art Olson, president and general manager of the said Olson Drilling Company, together with at least one other agent of said drilling company; that by reason of said efforts on behalf of said plaintiff the farm was sold direct to the Olson Drilling Company by the defendant on the 17th day of August, 1939, for and in consideration of a sum equal to $5,000.

Defendant asserts that there is no evidence to show that the plaintiff was

the procuring cause of the sale. Whether a broker is a procuring cause of a sale is usually a question of fact for the jury. 8 Am. Jur. § 214; Treese v. Shoemaker, 80 Okla. 235, 195 P. 766; Artlin Realty Co. v. Glass, 170 Okla. 588, 41 P. 2d 471; Brewer v. Henry, 187 Okla. 617, 105 P. 2d 430; Simmons v. Maxey, 106 Okla. 252, 233 P. 669; Wagnon v. Shoptaw, 161 Okla. 291, 18 P. 2d 868; Petroleum Pipeline Co. v. Lundy, 176 Okla. 319, 55 P. 2d 963.

There is nothing contrary to this rule in the authorities cited by the defendant. Defendant alleges that he discharged the plaintiff, if he were ever hired, and cites in support of such right Bunnell v. Frederick, 123 Okla. 222, 253 P. 56. This fact was disputed. A similar situation is discussed in Artlin Realty Co. v. Glass, supra, which distinguishes Bunnell v. Frederick, supra, and in Wagnon v. Shoptaw, supra, it is stated:

"The principal cannot discharge the broker pending negotiations by the latter with a prospective customer, in order to effect a sale to the latter himself without being liable to the agent for the commission."

It is claimed that the defendant alone concluded the sale separate and apart from the efforts of the plaintiff. A condition similar to the one at bar was presented in Petroleum Pipeline Co. v. Lundy, supra, in which it was urged that oil was sold in good faith under arrangements later made by the principal with the purchaser, and this court stated that the evidence as to whether the agent was the procuring cause was in substantial conflict and presented a jury question.

We think there is evidence sufficient to sustain the finding of the jury on the question as to the procuring cause, and the court did not err in overruling a demurrer to the evidence and in refusing to direct a verdict for the defendant.

The three remaining allegations assert error in refusal to give certain requested instructions. Requested instruction No. 1 was to the effect that if the contract was different from the one proposed to be negotiated, the broker must be the procuring cause before he can recover. Requested instruction No. 2 relates to the procuring cause. Both of these requested instructions and the issues involved were clearly submitted in the general instructions of the court. Instruction No. 3 was to the effect that if the plaintiff did not inform the defendant he was negotiating with the Olson Drilling Company, then the verdict should be for the defendant. Defendant cites in support of the alleged error in failing to give this instruction, Las Vegas Realty & Ins. Co. v. Sparks, 29 N. M. 77, 218 P. 345, and Seevers v. Cleveland Coal Co., 158 Iowa, 574, 138 N. W. 793. We have examined these cases and are of the opinion that they are quite different in the fact situation. In the case at bar the plaintiff alleged and his evidence discloses that his contract with the defendant was to sell to the Olson Drilling Company for a specific amount, for which the property was sold. This distinction is recognized in Seevers v. Cleveland Coal Co., supra. Plaintiff testified in addition to this that he informed the defendant of the negotiations with the Olson Drilling Company and its agents, and was asked by the defendant if the Olson Drilling Company was going to trade. There is no dispute that the contract for sale was executed with the agent of the Olson Drilling Company direct to the Olson Drilling Company. There is other evidence indicating that the defendant knew full well that the plaintiff had been negotiating with the Olson Drilling Company and its agents. In Las Vegas Realty & Ins. Co. v. Sparks, supra, it was not alleged nor did the evidence tend to disclose that Sparks was advised of any negotiations by the Las Vegas Realty & Insurance Company, nor did it show that the property was sold for the amount agreed upon by the broker and the owner. We find no error in the refusal to give the requested instructions.

A careful examination of the record discloses no prejudicial error, and the judgment of the trial court is affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, and DAVISON, JJ., concur.