### FISH et al. v. HANNA.

No. 30055.   Oct. 14, 1941.

Rehearing Denied Nov. 12, 1941.

118 P. 2d 658.

Roe & Roe, of Frederick, and L. B. Yates, of Altus, for plaintiffs in error.

Robinson & Oden, of Altus, for defendant in error.

. PER CURIAM. The defendant in error, hereinafter referred to as plaintiff, instituted this action against the plaintiffs in error, hereinafter referred to as defendants, to obtain specific performance of a contract between the parties whereunder the plaintiff was to endeavor to procure a farm-out of oil and gas mining leases from the Gulf Oil Corporation for the defendants and for which the plaintiff was to receive for each such farm-out contract so procured an assignment of an undivided 1/32d interest in the lease free of all cost.

The plaintiff alleged, in substance, that pursuant to the said contract he had obtained a farm-out from the Gulf Oil Corporation on a certain lease for the defendants, and that the defendants had refused to assign to him the interest which they had agreed to assign under the contract which had theretofore been entered into between the plaintiff and the defendants. The defendants in their answer admitted the execution of the contract and that they had obtained a farm-out on a lease of the Gulf Oil Corporation, but denied that the plaintiff had procured such farm-out or had in any manner contributed to its procurement, and alleged that by reason of these facts plaintiff was not entitled to any relief.

The parties waived a jury (a wholly unnecessary proceeding, since the action was one for specific performance of a contract and therefore one of purely equitable cognizance) and tried the cause to the court. The court found the issues generally in favor of the plaintiff and rendered judgment in accordance with such finding. Motion for new trial was overruled, and the defendants have perfected this appeal.

The defendants make but one contention, which is: "The court erred in rendering judgment in favor of the defendant in error and against the plaintiffs in error."

Under the foregoing proposition the defendants urge that the evidence is insufficient to sustain the judgment. In support of the contention so made, we are cited to Williams v. Seminole Oil & Gas Co., 171 Okla. 406, 43 P. 2d 59; Mathews v. Chadwick, 91 Okla. 262, 217 P. 432; Winemiller v. Matthews, 125 Okla. 219, 257 P. 291; Pitts v. Pitts, 63

Okla. 185, 164 P. 105; Brewer v. Henry, 187 Okla. 617, 105 P. 2d 430; Reynolds v. Fry, 188 Okla. 61, 105 P. 2d 1044.

An examination of the cases thus cited will reveal that they are authority for the rule that where one relies upon the terms of a contract for recovery he must prove performance pursuant to the terms of such contract, and that where he fails to do so he cannot recover. The rule so announced is sound, but we fail to perceive where it has more than incidental application to the issue which is presented here, that is, whether the evidence is sufficient to sustain the judgment of the trial court. The evidence upon the material issue involved, that is, whether the plaintiff had procured the farm-out contract involved, was in conflict in many respects. Nevertheless, there was evidence to show that plaintiff had done certain things with the view of obtaining such contract and shortly thereafter the defendants had received such contract and had operated thereunder in the belief that the plaintiff had been the efficient agent in its procurement and had recognized their liability to the plaintiff under his contract of employment, and had sought to prevail upon him to accept an assignment of a working interest in the lease instead of the overriding interest which the contract had provided should be conveyed to the plaintiff, and that defendants only denied liability after the plaintiff had declined to accept an assignment of a working interest and had insisted upon receiving an assignment of an overriding interest in the lease. It is not essential to the validity of a judgment in equity that it rest entirely upon uncontradicted evidence, nor is it fatal to such a judgment that a different conclusion might have been reached upon all of the evidence involved. Johnson v. Rowe, 185 Okla. 60, 89 P. 2d 955.

We have examined the record and weighed the evidence in the case at bar, and are of the opinion that the judgment of the trial court is not clearly against the weight of the evidence, and this being so, the judgment will not be disturbed.

Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN, BAYLESS, GIBSON, DAVISON, HURST, and ARNOLD, JJ., concur. RILEY, J., absent.