EASTERN MACHINERY CO. v. CONROY.

No. 31615.   Jan. 16, 1945.

*155 P. 2d 521.*

Fist, Dewberry, Shidler & Bragg, of Tulsa, for plaintiff in error.

Irvine E. Ungerman, of Tulsa, for defendant in error.

RILEY, J. This is an appeal from the judgment entered on a verdict against plaintiff in error, who was plaintiff below, and in favor of defendant on his cross-petition.

Plaintiff is a corporation organized under the laws of Ohio. Defendant does business in Tulsa, Okla., under the name of Steel & Machinery Company. Plaintiff is engaged in buying and selling used machinery and tools and conducts its business in Cincinnati, Ohio. It employs no regular agents to purchase machinery for it, but does pay a commission to persons who direct its attention to used machinery for sale and assist it in making purchases. Shortly before October 1, 1940, defendant sent plaintiff lists of certain machinery for sale, owned by a firm known as Wheatley Brothers, of Sand Springs, Okla., and a list of other machinery for sale, owned by Hopkins & Devolld Company, of Bartlesville, Okla. As a result, plaintiff entered into negotiations looking to the purchase of said machinery. October 1, 1940, plaintiff sent defendant $1,000, $500 of which was to be used as a down payment on each of the two lists. Defendant paid Wheatley Brothers $500 as down payment on its list of machinery, but did not pay the other $500 to Hopkins & Devolld Company. For some reasons, not made clear, neither of the deals went through. The $500 paid to Wheatley Brothers was returned to plaintiff, but the other $500 was not returned. After numerous demands for the return thereof, plaintiff commenced this action to recover same.

In a second amended cross-petition, defendant claimed a commission in the sum of $1,075 alleged to have been earned in connection with the purchase by plaintiff of machinery from a firm in Tulsa, Okla., known as the Service Machine Company.

Issues, being joined by denial, were tried to a jury, resulting in a verdict for defendant on his cross-petition, in the sum of $575.

It seems to have been conceded that defendant was liable to plaintiff for the return of the $500 on the Hopkins & Devolld Company deal. The issue submitted was whether defendant was entitled to the commission on the Service Machine Company sale, in the sum of $1,075, less the $500 due plaintiff on the Hopkins & Devolld Company matter. The verdict of the jury was in favor of defendant on his cross-petition, fixing the amount of his recovery at $575 ($1,075 less $500).

The principal contention is that the verdict of the jury is not supported by sufficient evidence.

Plaintiff contends that defendant was not the first to call its attention to the equipment of Service Machine Company, which plaintiff afterwards purchased, and for that reason defendant was not entitled to any commission on said purchase. In this connection, plaintiff's witness, Robert Bierbaum, by deposition, testified:

"Q. Calling your attention to a purchase of certain equipment from Service Machine Company, of Tulsa, Oklahoma, please tell us how this purchase was brought about. . . . A. In the early part of 1940, during a trip to Tulsa, I met Mr. L. M. Cole, a sales agent of Houston, Texas. . . . and accordingly we went over to their plant and inspected all machines. An offer was made for all of the machines by me, which was not acceptable to Service, and therefore no machinery was bought. On October 14, 1940, we received from Steel & Machinery Company a listing of machinery, and wired them for prices on two items only. Later in the same day I discovered that this listing of machinery was the same equipment at Service Machine Company, which I had previously inspected with Mr. Cole. We then wired Steel & Machinery Company to ignore our telegram requesting prices on the two machines, as we had already inspected all of their equipment in company with Mr. L. M. Cole."

The evidence goes further than that. There is in evidence that about one month after October 14, 1940, Edward Bierbaum, representing plaintiff, met defendant at the airport in Tulsa, at

which time they discussed the prospective purchase of the equipment owned by the Service Machine Company. There is also evidence that this meeting was at the request of Edward Bierbaum, representing plaintiff; that Edward Bierbaum wired defendant from some point in Texas to meet him at the airport in Tulsa. This evidence tends to show that at that time plaintiff solicited the aid of defendant in the purchase of Service Machine Company's equipment. Until then, it appears that the Service Machine Company had placed a price of $25,000 on its machinery and equipment, including its real estate. Plaintiff was not interested in the purchase of all of the machinery and did not desire to purchase any of the real estate. It appears that plaintiff at that time was interested in the purchase of only two items of machinery owned by the Service Machine Company. There is evidence that about February, 1941, defendant obtained from the Service Machine Company an offer to sell its machinery and equipment, without the real estate, for about $15,000; that defendant communicated this offer to plaintiff. As a result, there appears to have been continued negotiations between the parties. Plaintiff never accepted the offer of the machinery at that price. There is evidence to the effect that both plaintiff and defendant were endeavoring to get Service Machine Company to reduce its offer to a sum which would be acceptable to plaintiff; that plaintiff and defendant made numerous attempts, sometimes together and sometimes separately, to get Service Machine Company to reduce its price to acceptable figures. Defendant never did obtain an offer to sell as low as $10,750. Plaintiff finally negotiated the purchase at that price, without the presence of defendant. There is evidence from which the jury might reasonably infer that it was defendant who first obtained an offer from the Service Machine Company to sell its machinery separately from its real estate and that it was largely through defendant that plaintiff was able to purchase.

Plaintiff relies upon the following decisions: Cantrell v. McLemore, 119 Okla. 176, 249 P. 417; J. L. Lemmon Co. v. Oppenheimer, 155 Okla. 209, 8 P. 2d 679; Mathews v. Chadwick, 91 Okla. 262, 217 P. 432; Pitts v. Pitts, 63 Okla. 185, 164 P. 105; Wheelan v. Hunt, 37 Okla. 523, 133 P. 52.

We deem it unnecessary to review these decisions, but note that the factual situation in each of them differs from the case at bar. It is essential for the recovery of such a commission that there be an employment of the agent and that his services are the immediate and effective cause of the sale. Moreover, if the agent fails, and after his failure the principal completes the sale, no commission is due, but as in Artlin Realty Co. v. Glass, 170 Okla. 588, 41 P. 2d 471, "A broker will be regarded as the procuring cause of a sale if his efforts are the foundation upon which the negotiations resulting in the sale are begun." In the last-cited case, these words are used:

"It is not disputed that plaintiff started the negotiations and developed the sale to the point where all that was necessary was to submit a suitable price."

In the case at bar, the disputed question of fact was resolved by the jury's verdict. In the cited case, the deal was closed and the sale was made by the owner himself. Nevertheless, the recovery of a commission was sustained. In Kerr et al. v. Parris, 115 Okla. 268, 242 P. 170, it was the view that the right to a commission was not defeated because the principal assumed exclusive charge of the subsequent negotiations nor because the sale was finally made on substituted terms resulting from such final negotiations satisfactory to the principal.

See, also, Nation v. Harness, 33 Okla. 630, 126 P. 799. We cannot say as a matter of law that there is no evidence reasonably tending to support the verdict.

It is also contended that if there was sufficient conflict in the evidence to take the case to the jury, the court erred in giving instructions Nos. 5, 6, and 7.

There is no error in instruction No. 5. It told the jury to deduct the $500 admittedly owed by defendant to plaintiff, from any sum the jury might find, from a preponderance of the evidence, defendant was entitled to recover as commission on the purchase of the machinery from Service Machine Company.

Instruction No. 6 follows the rule stated in Nation v. Harness, supra.

Instruction No. 7 fairly stated the law applicable under defendant's theory and his evidence, and again directed the jury to allow plaintiff credit for the $500, admittedly owing by defendant to plaintiff.

The instructions, as a whole, fairly presented the law applicable to the pleadings and evidence, and were without error.

Judgment affirmed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, BAYLESS, CORN, DAVISON, and ARNOLD, JJ., concur.