William BROADHURST and C. H. Keene, d/b/a Keene Casing Pulling Company, Plaintiffs in Error,

v.

Ed L. WILSON, Defendant in Error.

No. 38358.

Supreme Court of Oklahoma.

May 31, 1961.

Action for damages. From a judgment for plaintiff, defendants appeal. Affirmed.

Bradford & Watson, by H. B. Watson, Jr., Tulsa, for plaintiffs in error.

P. D. Erwin, Chandler, for defendant in error.

WELCH, Justice.

This action was instituted in the district court of Lincoln County, Oklahoma, by Ed L. Wilson, plaintiff, against William Broadhurst and C. H. Keene, d/b/a Keene Casing Pulling Company, defendants, for recovery of money damages alleged to have been inflicted by the defendants to the land and improvements of the plaintiff, when defendants wrongfully entered upon said land as trespassers and pulled and carried away certain drill pipe from an abandoned oil well.

It is from an adverse judgment based on a jury verdict for $2,066 that defendants prosecute this appeal.

Defendants contend that the verdict was not sustained by sufficient evidence to establish the amount of damages awarded to plaintiff, and that the trial court failed to properly instruct the jury on the measure of damages.

Plaintiff alleged in his petition that defendants wrongfully entered upon his premises with heavy machinery during wet weather and damaged approximately five acres of his pasture land, used water from his stock pond without his consent, and removed casing from the abandoned well located thereon.

The evidence adduced by the plaintiff through his own testimony and three other witnesses was to the effect that it was customary to pay a landowner from $150 to $200 for water from stock pond as used by the defendants, and that by pulling the pipe from the well the value of the real property was decreased in value from $7,000 or $8,000 down to a value of $3,000 to $3,500, based on plaintiff's intention and desire to use the pipe equipped well as a water well for irrigation purposes. All of these witnesses testified that they were familiar with land values in that area. One witness testified on cross-examination that in his opinion it would cost around $4,000 to drill another well and equip it with pipe as this one was equipped before the acts of the defendants.

■ Where it is contended that the jury's verdict and trial court's judgment based thereon are not sustained by the evidence, such contention on appeal will be held without merit if there is any evidence, though conflicting, reasonably tending to support such verdict and judgment. Beckman, Inc. v. May, Okl., 331 P.2d 923; Porter v. Manes, Okl., 347 P.2d 210; Colorado Interstate Gas Co. v. Wheeler, Okl., 344 P. 2d 1055; and State ex rel. State Insurance Fund v. Bone, Okl., 344 P.2d 562.

Defendants in their argument as to trial court's failure to properly instruct jury as to measure of damages, contend that instruction No. 7 was erroneous since it instructed the jury that if they found the property was permanently damaged and could not be restored to its former condition, or that the cost of restoring would exceed the difference in the fair market value of the property immediately before the damage and immediately after the damage, then the proper measure of damages was the difference in the reasonable fair market value caused by damages.

There was evidence as to differences in fair market value and there was evidence as to what it would cost to restore property to its value before damages, therefore we are of the opinion that this instruction was upon the issues as presented by the evidence.

Furthermore, although defendants excepted to this instruction, they did not request the court to give a different instruction stating the defendants' theory as to the measure of damages under the circumstances stated in instruction 7.

■ Where there is competent evidence tending to show damages alleged, and the verdict is not excessive, and when the complaining party does not request the trial court to give an instruction correctly and comprehensively stating the measure of damages, a cause will not be reversed because the court's charge does not accurately define the measure of damages. Potts v. Zolinger, 79 Okl. 262, 192 P. 1099; American Transfer & Storage Co. v. Greninger, 193 Okl. 338, 143 P.2d 617; Hayes v. Chil-

ders, Okl., 312 P.2d 865, and DeBolt v. Pointer, 204 Okl. 167, 228 P.2d 182.

Therefore for the reasons hereinabove stated, the judgment of the trial court is affirmed.

Affirmed.

DAVISON, JOHNSON and JACKSON, JJ., concur.

WILLIAMS, C. J., concurs specially.

BLACKBIRD, V. C. J., and HALLEY, IRWIN and BERRY, JJ., dissent.

WILLIAMS, Chief Justice (specially concurring).

Apparently under the evidence in this case the $150 to $200 claimed by plaintiff would have been a proper charge only for a drilling operation. No proper estimate of the value of the water taken in this case was given.

However, whether the lease had been abandoned by defendant in the trial court, Mr. Broadhurst, was a proper matter for determination by the jury. In its verdict there inheres a finding against him upon the issue.

It would further appear that plaintiff tried his case as regards alleged damage to the allegedly abandoned oil well involved upon both the theories of permanent and of temporary damage to realty.

No objection having been made or order requiring that he elect between such theories having been requested, it would appear that an instruction permitting recovery in the alternative would not be so erroneous as to warrant reversal since there was proof of temporary damage or special damage by way of testimony that it would cost some $2,500 or more to put the well back in shape to produce water for irrigation purposes, such one item alone thus more than covering the total amount of the verdict of $2,066.

I feel the authorities cited by the Court in the majority opinion amply sustain the result reached.

I therefore concur specially.